WHICH WERE CONTINUED *NISI* FOR ADVISEMENT, AND WHICH
HAVE BEEN SINCE DETERMINED.

[*Note.* The District of *Maine*, which heretofore constituted the Eastern Circuit, has been separated from *Massachusetts*, and erected into an independent state, since the last terms of the Court were there holden.]

## OTIS KEAY *versus* JACOB GOODWIN.(1)

Departure in pleading may be taken advantage of on general demurrer.
Of the individual rights of tenants in common, in the common property. [If tenants in common by agreement occupy separate parts of the common property, trespass will lie by one of them against another, who removes the personal property of the former therefrom against his will.—ED.]

TRESPASS for breaking and entering the plaintiff's close, situate in *Lebanon*, in the county of *York*, and carrying away the boards of the plaintiff.

The defendant pleads in justification of the supposed trespass, that the close mentioned in the plaintiff's declaration was the soil and freehold of him, the said *Goodwin*, and sundry other persons, who hold the same as tenants in common; the same being a saw-mill, mill-privilege and yard; and that the *locus in quo* had been in his separate occupation, as a place for piling his boards and lumber, by the consent of his co-tenants, until the plaintiff, against his consent, and without any license therefor, entered into the said close thus separately occupied by the defendant; and that he, the defendant, thereupon entered and removed the plaintiff's boards, as he lawfully might, and had a right to do.

(1) This case was unavoidably omitted in the last volume.

To this plea the plaintiff replies, that one *Jeremiah Wise* was one of the tenants in common of the said close, and that [ * 2 ] * the *locus in quo* had been assigned to him, as his separate piling-place for his lumber, by his co-tenants; and traverses that the same was ever allotted to, or occupied by, the defendant, as a separate piling-place; and further avers that he entered into said close by the permission of *Wise,* and occupied the *locus in quo,* as tenant at will to him, the said *Wise,* until the defendant entered and committed the trespass complained of.

The defendant admits that *Wise* was one of the tenants in common, but rejoins that, before the supposed trespass, he, the said *Wise,* sold and conveyed all his right, title, and interest, in the premises to *E. Littlefield* and *M. Prime.*

The plaintiff, in his surrejoinder, admits the conveyance to *Littlefield* and *Prime,* but avers that they never entered under the grant, and that he was suffered to occupy in their right without interruption or disturbance, until the defendant unlawfully entered, and committed the trespass complained of.

To this surrejoinder there is a general demurrer and joinder.

*Holmes,* for the plaintiff.

*Mellen,* for the defendant.

WILDE, J., delivered the opinion of the Court.—The first question to be considered is, whether the rejoinder is not a departure from the bar; and of this we think there can be no doubt.—It is averred in the bar, that the *locus in quo* was allotted to the defendant, as his separate piling-place; and this fact is traversed in the replication. Instead of taking issue on the traverse, the defendant rejoins new matter, not tending to fortify the averment in the bar. This, by the rules of pleading, is inadmissible; and it seems that such a defect may be taken advantage of on general demurrer. It is true that Serjeant *Williams* says, in 1 *Saund.* 117, *Cutler* vs. *Southern,* note (3), that since the statute of 4 & 5 *Anne,* c. 16, departure is matter of form, and good unless specially demurred to (2); and the same is said in *Com. Dig. Pleader,* F. 10. But Serjeant [ * 3 ] *Williams,* in note (1) to the case of *Richards * & Al.* vs. *Hodges,* 2 *Saund.* 84, retracts that opinion, and lays down the law, as it was always understood to be before the statute. This latter opinion is supported by all the adjudged cases, and is in conformity with the principles of good pleading.

The only doubt we have on this point is, whether the defect be not aided by the surrejoinder. For although on demurrer the Court

(2) [It is stated to be matter of substance in the note to this case in the 5th edition of *Saunders.*—ED.]

will look for the first fault, if it be matter of substance, yet it is also the duty of the Court to look at the whole record. If to a defective plea the plaintiff replies, and shows that he had no cause of action, he is not entitled to judgment, although the declaration be good, and the defendant was guilty of the first fault in pleading. If it be true, therefore, in this case, as was argued by the defendant's counsel, that the surrejoinder shows that the plaintiff's title is wholly defective, and that he has no cause of action, judgment ought to be rendered for the defendant, notwithstanding the departure. If issue had been joined on any fact averred in the surrejoinder, after verdict the departure could not have been taken advantage of, on motion in arrest of judgment (*Raym.* 86). It is important, then, to consider, whether the objection to the plaintiff's title be well founded.

It is admitted in the rejoinder, that *Wise* was seised as one of the tenants in common; and we must also understand that the *locus in quo* was assigned to him by the co-tenants, as his separate piling-place for his boards and other lumber; this being averred in the replication, and not traversed by the defendant. *Wise*, therefore, had a good right to occupy the *locus in quo;* and independently of the agreement for the separate occupation, the defendant had no right to disturb him in his possession. If there be two tenants in common of a dwelling-house, and they severally furnish and occupy different apartments, one co-tenant has no right to disturb the other's occupation by removing his furniture; and trespass would clearly lie for such removal. And if one co-tenant should lease his share in the common * property, the lessee on      [ * 4 ] entry would have the same rights in relation to the other co-tenant, as the lessor had before the demise.

We, therefore, apprehend it to be very clear, that the plaintiff, as tenant at will to *Wise*, had good right to enter and pile his boards .n the place allotted to him for that purpose; and that, without such allotment, he had as good a right as the other tenants in common thus to occupy it; and that the other co-tenants had no right to remove his boards, or expel him from the possession.

It is true, that the estate at will must be considered as determined by the grant of *Wise*. But the plaintiff thereupon became tenant at will, or by sufferance, to the grantees. No attornment to them was necessary to constitute such a tenancy. They might recover of the plaintiff a reasonable rent for the use and occupation; and his continuance of possession, after the grant, must be presumed to have been with their tacit consent, and so not tortious. Before entry, or notice to quit, they could not have maintained trespass against him as they might have done against a stranger. " The tenant

being once in by a lawful title," says *Blackstone*, " the law (which presumes no wrong in any man) will suppose him to continue upon a title equally lawful, unless the owner of the land, by some public and avowed act, such as entry is, will declare his continuance to be tortious." [2 *Bl. Comm.* 150.]

The defendant, in the case before us, had no right to oust the plaintiff; nor had any one such a right, excepting *Littlefield* or *Prime* ; and although no action lies against the defendant, he being one of the tenants in common, for breaking and entering the close, or for any injury done to the common property, yet the removal of the plaintiff's boards was a trespass, for which this action well lies.

For these reasons the surrejoinder is adjudged good, and the plaintiff will be entitled to judgment for such damages as he may make it appear he has suffered by the removal or conversion of the boards

[ *5 ]                    ⬥

## *John Cooper *versus* Jabez Mowry and Others.

In debt on a bond to the sheriff, to indemnify him against the misfeasances of his deputy, the plaintiff shows that the deputy, having attached certain goods upon mesne process, released the attachment before the expiration of thirty days after the judgment; and the defendants rejoin, that no notice was given to the deputy of the suing out of an execution, nor any demand made upon him for the goods within the thirty days: on demurrer the plaintiff had judgment.

This was an action of *debt* on a bond, made by the defendants and one *Wood*, who died pending the suit, to the plaintiff, sheriff of the county of *Washington;* the condition of which bond was, that the said *Wood*, who had been appointed by the plaintiff a deputy-sheriff for the said county, should, among other things, well and truly perform the duties of said office in all respects according to law, and should fully and completely indemnify and save harmless the plaintiff, his executors and administrators, from all suits, damages, and expenses, whatsoever, by reason of the doings, wrong-doings, or neglects of the said *Wood*, in the execution of his said office of deputy-sheriff.

The defendants plead in bar, that the said *Wood*, from the time of making the said writing obligatory, had well and faithfully performed and fulfilled all and every thing in the said condition mentioned, on his part to be performed and fulfilled, according to the form and effect of the said condition.

The plaintiff, in his replication, alleges that one *Congdon*, having