Eliza and John Atkinson, Administrators of *John Atkinson,*
deceased, *vs.* Asahel Burt, and others.

In ejectment on mortgage against the grantees of the mortgagor, (he having transferred his equity of redemption after his law-day had expired,) *Held,* that damages should be assessed for the *mesne* profits, from the period that the tenants in possession had notice to quit—And, if no no- tice, then from the commencement of the action.

THE facts in this case will sufficiently appear, from the fol- lowing opinion of the Court, pronounced by

Skinner, Ch. J.    This is an action of ejectment, in which judgment by default has been rendered; and the question is as to the rule of damages.    The facts appearing in the case are— that the lands in question were by deed of mortgage conveyed by one *Burt,* to the ancestor of the plaintiffs, and under whom they claim, (the mortgagor continuing in possession of the pre- mises,) and after the estate became absolute at law in the mort- gagee, the mortgagor conveyed in fee to the defendants, who have held the possession till the present time.    The plaintiffs claim damages for the *mesne* profits, since the defendants enter- ed into possession.    The defendants, having made application conformably to the statute for time to redeem, and stay of exe- cution, insist that the plaintiff is entitled to *nominal* damages only.

The statute provides that the plaintiff in ejectment shall re- cover as well his damages, as the seizin and possession of the premises, and in the construction of this statute, rents and prof- its, up to the time of trial, are allowed.    No action can here be sustained for *mesne* profits.

42

*Caledonia,*
March, 1826.

Atkinson, *et al.* adm'rs.
*vs.*
Burt, *et al.*

This statute creates no new claim in favour of the plaintiff. Such damages, and such only, as could in some form be recovered at common law, can be recovered in this action.

At common law, after judgment for the plaintiff in ejectment, *mesne* profits are recovered in the action of trespass. But it is said a mortgagor is not liable for *mesne* profits; and it is insisted that the person claiming under him cannot be subjected to damages, in this action, by the mortgagee. The reason why the mortgagor, continuing in possession, is not liable for *mesne* profits, is that in lieu of rents, by an agreement understood between the parties, the mortgagee receives interest upon the debt.

No case is shown in which the grantee or lessee of the mortgagor has been excepted from the general rule, that after a recovery in ejectment, the action for *mesne* profits lies of course, and the judgment in the ejectment is conclusive evidence of the right.

In the case of *Keech* vs. *Hall, Doug.* 21, which was ejectment against the lessee of the mortgagor, the defendant insisted the action could not be maintained without notice to quit; and urged that, without such notice, having paid the rent to the mortgagor, he would, if a recovery was had, of course be subjected to an action for *mesne* profits, at the suit of the mortgagee. Lord Mansfield, in delivering the opinion of the court, says, "On this point I give no opinion, but there may be a distinction, for the mortgagor may be considered as receiving the rents in order to pay the interest, by an implied authority from the mortgagee, *till he determine his will.*"

If the mortgagor continue in possession by consent of the mortgagee, he is at common law, tenant at will in the strictest sense of the word; and although our statute secures the possession in the mortgagor, till default in payment; if he continues in possession, by consent of the mortgagee, afterwards, he is then tenant at will in the same sense, and is not entitled to notice to quit. A demise by such tenant, is a determination of that tenancy; and in this case, the conveyance having been made by the mortgagor to the defendants, after the law day, there can be no doubt, by the common law, the will is determined by the grant; and it would seem to follow, that the grantee's possession must be considered adverse and tortious, so that trespass would lie against them by the mortgagee.—3 *East.* 450, 7 *Com. Law Rep.* 204, 5. Note, *Co. Lit.* 57, in note 379, *Doug.* 21, 282.

But whether, after a recovery in ejectment, an action for *mesne* profits could be sustained or not, the estate at will having been determined by implication, when that determination is express, as by notice to quit, or suing in ejectment, we believe there is no reason, nor any authority in the English books to be shown, why a recovery for *mesne* profits, after the ejectment, according to the common rule, ought not to be had; and if so, there is no doubt damages ought here to be given, from the time the will was so determined.

In the case of *Stanbury* vs. *Dean, Brayton* 166, this Court decided, that after the expiration of the law day, and notice to quit, the mortgagor himself was liable for *mesne* profits: and the reason, surely, is much stronger for holding a third person liable.   In the case of the mortgagor, if he has ability to pay the debt, or any part of it, it cannot be very material whether it is obtained by a recovery in this form, or by suit upon the bond, or note; and if he has no means of paying, the judgment in both cases, would be equally unavailing.

If the value of the estate is not equal to the amount of the debt, and the debtor insolvent (as it is understood in this case, otherwise, the question would be of no consequence to the parties, for the defendant would at once redeem, and avoid the judgment; or if he should hereafter redeem, the amount here recovered must be deducted from the debt,) and a third person has been in possession, taking to himself the profits; upon every principle of justice, he ought to account to the mortgagee for all that shall come to his hands after notice, or yield up the possession to him.

Damages, therefore, will be assessed in this case against the defendants, upon the principle adopted in the case of *Stanbury* vs. *Dean*, and if there is no evidence of notice to quit, the commencement of the suit will be the time from which the *mesne* profits are to be allowed.

PRENTISS, J.   I concur with my brethren, in their reasons, as expressed by the Chief justice, but differ from them in the conclusion.   The common law right of the plaintiff in ejectment, to recover the rents and profits, in the manner which has been stated, in ordinary cases, is well settled.   But there is an exception in the case of mortgages.   The mortgagee can only get into possession by an action of ejectment.   And when he gets into possession of the rents and profits, he takes them as *trustee*, and is accountable for them to the mortgagor.   I think that the assignee is in the same situation as the mortgagor.   If the mortgagor is not liable for the rents and profits, I cannot see why his *assignee* should be made liable, he having the whole term which the mortgagor had.   There appears to me to be a manifest impropriety in this proceeding, as the case is decided. Damages cannot be assessed *in futuro ;* and here will be a year or so, for which nothing can be recovered.

*Ephraim Paddock*, for the plaintiffs.

*Isaac Fletcher*, for the defendants.

<em>Caledonia,</em><br>March, 1826.<br><br>Atkinson <em>et</em><br><em>al.</em> adm'rs,<br><em>vs.</em><br>Burt, <em>et al.</em>