Parker C. J.
delivered the opinion of the Court. In the argument of this case no authority was cited in support of the demurrer, and none that is very decisive in support of *144 the replication demurred to. We must therefore grope our way in the dark, or with such light only as our extremely time will enable us to procure.
The action is debt upon a bond, and the condition of the bond is, that the covenants in a certain lease shall be performed by one of the obligors. The plea is, that by mutual consent the contract in the lease was rescinded, and the lease itself cancelled. In the replication this fact is confessed, and attempted to be avoided by the allegation of a paroi agreement between the parties to the lease and to the bond, that the terms of the lease should continue in force. To this replication there is a special demurrer, showing for cause, — 1. That the replication is a departure from the declaration, which sets forth particularly the covenants in the lease, and a non-performance in not paying the rent; — 2. That there is a repugnancy in admitting that the lease was cancelled, and affirming that it was, by agreement, to be kept in forcé ; — and 3. That it attempts to substitute a paroi contract for the covenants under seal, to which alone the bond referred.
Now we think that for all these causes the replication is bad. It is certainly a departure in the replication to show a contract of a different nature from that which is set up in the declaration. A departure in a replication is when it does not support the declaration. See Com. Dig. Pleader, F 7.[1] Now the declaration setting forth a covenant under seal, and the replication a paroi bargain, the discrepancy is obvious.
There is also a repugnancy in stating the indenture to have been cancelled, and yet that by agreement it was to remain in *145 force.[2] Such an agreement, if made, must have been independent of the covenant.
The third cause is of a like nature with the others, and needs not be specially examined.
By the pleadings it should seem that assumpsit is the proper action for the rent, if any is due.* [3]

Replication adjudged bad.

[4]

 See 1 Chitty’s PI. (6th Amer. ed.) 681; Gould’s Pl. c. 2, § 30; c. 8, § 65 to 79; Tarleton v. Wells, 2 N. Hamp. R. 308; Andrus v. Waring, 20 Johns. R. 163; Wyman v. Mitchell, 1 Cowen, 319; Parish v. Stanton, 2 Root, 154; Carpenter v. Crane, 1 Root, 98; Warren v. Powers, 5 Connect. R. 373; Wolcott v. Dwight, 2 Day, 405; Henries v. Stiers, 3 Halsted, 364; Collins v Waggoner, 1 Breese, 26. Varying in an immaterial point is no departure Gould's Pl. c. 8, § 73, 74.
A departure is fatal on demurrer. Joy v. Simpson, 2 N. Hamp. R. 180. Tarleton v. Wells, 2 N. Hamp. R. 308; Keay v. Goodwin, 16 Mass. R. 1, Gould’s Pl. c. 8, § 78; Sterns v. Patterson, 14 Johns. R. 132; Andrus v. Waring, 20 Johns. R. 263; but it is aided by verdict Gould’s Pl. c. 8, § 79.

 See Chitty’s Pl. (6th Amer. ed.) 265, 266.

 See Williams v. Sherman, 7 Wendell, 109.

 See ante, 128, n. 2.