*Allen* and *Phelps*, for the orators.

*Royce*, for the respondent.

~·◊·~

## *Wood Babcock* vs. *William Kennedy.*

That a mortgagee, after the law day is passed, and notice to pay him rent, is entitled to recover the rents and profits; and tenant is not liable to pay the same to the mortgagor.

That the possessor cannot recover of mortgagee an account for articles delivered with intention of paying such rent.

Nor can the failure of the mortgagee to recover in an action of assumpsit brought for this rent, take away his defence to this action.

This was an action on book account, in which the defendant gave judgment to account in the County Court, and an auditor was appointed to take the accounts of the parties. The auditor's report having been returned into court, judgment was rendered thereon for the plaintiff, and exceptions were taken to that decision, upon which the cause was removed to the Supreme Court, for a final decision.

The report of the auditor is as follows : "In this case your au-"ditor reports that, he notified the parties, who duly attended the "auditing of their accounts—when the plaintiff exhibited the ac-"count hereto annexed, and proved that the defendant had received

KKK

Franklin, Jan. 1829.

Babcock vs. Kennedy.

"of him the articles and services therein "charged. The defence was that the ac- " count accrued in part payment for the rent of certain premises "occupied by the plaintiff from about the first of March A. D. " 1825, until about the first of March A. D. 1827—the defend- " ant contending that, during all that period, after about the first " of September 1825, the plaintiff occupied said premises under " him, and thereby became liable, and undertook to pay him a " reasonable rent, which was admitted to be considerably more " than the amount of the plaintiff's claim in this action. On the " part of the plaintiff it was insisted that he was always liable to " pay the rent aforesaid to one *Thomas Kennedy*, or his wife, and " never undertook to pay it to the defendant. It was shown that " on the 9th day of December, 1824, *Thomas Kennedy* mortga- " ged a small piece of land and two houses thereon standing, to " the defendant, to secure the payment of a note of $430, which " became due January 1, 1825, and had never been paid—That in " the month of January or February, 1825, *Thomas Kennedy* was " applied to by the plaintiff for liberty to occupy one of the houses " aforesaid, and gave some encouragement to that effect ; but no " agreement was concluded, when *Thomas Kennedy* absconded, " and has never returned, or had any further communication with " the plaintiff upon that subject—That shortly after *Thomas Ken-* " *nedy* absconded, the plaintiff concluded an agreement with the " the wife of the said *Thomas Kennedy* for the use of one of the " said houses, and moved into the same, and *Kennedy's* family " moved out, and left the mortgaged premises in possession of the " plaintiff, and a person who occupied the other house under a li- " cense of *Thomas Kennedy* or his wife. This was about the first " of March, 1825. About the first of September, 1825, the " defendant notified the plaintiff of his mortgage aforesaid, and re- " quired him to hold under the defendant, and pay him all subse- " quent rents. After this the defendant made repairs upon the mort- " gaged premises to a considerable amount, and leased the other " house to different persons, and received rents. In consequence " of these transactions, this account arose; it being well under- " stood by the plaintiff,that the defendant supposed he was receiv- " ing the several articles charged, in payment towards rent, and the

"plaintiff intending the same to go on the {Franklin, Jan. 1829.

"rent, as he several times declared, provided } Babcock vs. Kennedy.

"he was not compelled to pay the rent to *Thomas Kennedy* or his "wife, who has continued to assert her claim to said rent. It was "shown that the defendant having brought his action against the "plaintiff for use and occupation to recover the balance of said "rent, the subject matter of that action was submitted in due form "of law to *Bates Turner* and *H. R. Beardsley*, arbitrators, who on "the 14th day of March 1827, made and published their award "in writing, which is affixed to and made a part of this report.— "If from the foregoing facts the plaintiff is entitled to recover, "your auditor finds due to him the sum of eleven dollars and four- "teen cents, to balance accounts between the parties ; otherwise, "your auditor finds there is nothing due the plaintiff."

"We the subscribers, being chosen arbitrators to hear, deter- "mine and award upon a certain matter of controversy be- "tween *William Kennedy* and *Wood Babcock*, concerning "certain rents claimed to be due and owing from the said *Wood* "to the said *William*, of and for the use of a certain house stand- "ing on the premises, mortgaged by one *Thomas Kennedy* to the "said *William*, and having taken upon ourselves the execution of "the powers to us given, and on the 10th day of March, A. D. "1827, the said *William* and *Wood* being both present, after re- "ceiving, hearing and fully considering the proofs, allegations and "representations of said *William* and *Wood* of and concerning the "subject matter referred to us—do determine that the said *Wood* "is not indebted to the said *William* for the cause aforesaid, and "did not promise to pay the said *William* for the use and occu- "pation of the house aforesaid ; and do further award that said "*Wood* do recover against the said *William* his costs and charges, "which he hath sustained, together with the cost of this reference."

*For the defendant it was argued,* That he being a mortgagee in possession, was accountable to *Thomas Kennedy*, the mortgag- or, for the rents and the profits of the premises : of course the said plaintiff was accountable to defendant for the same, and to him only.—1 *Doug.* 279, *Moss* vs. *Gallimore.*—1 *T. R.* 378, *Birch* vs. *Wright.*

It appears that the services mentioned in plaintiff's account

were voluntarily rendered, and the arti-
cles delivered to defendant in payment
of the rent of the said premises, which had become due after
defendant had entered into possession thereof, and, having volun-
tarily paid the rent with a full knowledge of all the circumstances
of the case, he cannot sue and recover it back.—2 *Com. on Con.*
40.—4 *Bos. & Pul.* 260, *Taylor* vs. *Hare.*—1 *Aik.* 73, *Slason*
vs. *Davis.*

The award mentioned in the case was had in an arbitration be-
tween the defendant and the plaintiff, wherein the defendant claim-
ed the rent of *Babcock*; and the arbitrators decided that the de-
fendant ought not to recover in a certain suit which he had com-
menced against the plaintiff for the rent; and did not determine
that *Babcock* ought to recover back what he had paid.

*Argument for the plaintiff.* From an examination of author-
ities, it will be found that the mortgagor in possession has a right
to retain the rents and profits of the mortgaged premises. And it
is confidently asserted that no case can be found in the books, in
which it has been held, that the mortgagee could recover of the
mortgagor for the use and occupation of the mortgaged property.
—1 *Doug.* 21, *Keech* vs. *Hall.*—15 *Mass.* 268.—1 *Pick. R.* 87.
*Wilder* vs. *Houghton.*—2 *Con. R.* 600, *Barkhamstead* vs. *Far-
mington.*—*Doug. R.* 631, *Rex* vs. *Michael.*—11 *John. R.* 593.

In this case the plaintiff was tenant to the mortgagor, but not to
the mortgagee.—3 *East.* 450, *Thunder* vs. *Belcher.*—The tenant
of the mortgagor, in regard to the payment of rent, where the lease
is made subsequent to the mortgage, is placed precisely in
the same situation, with respect to the mortgagee, as the mortga-
gor. He cannot protect himself against a suit by the mortgagor
by a payment of rent to morgagee.—8 *C. L. R.* 275, *Rennie* vs.
*Robinson.*—7 *T. R.* 488, *Barwick* vs. *Thompson.*—1 *H. Bl.*
114. *Jackson* vs. *Vernon.*

Admitting that the defendant had a strict legal right to the rent,
yet the award of the arbitrators, mutually chosen by the parties,
settles that question; and it is now too late for the defendant to
put in his claim.—*Cald. on Arbitration,* 51.—13 *East.* 357,
*Chase* vs. *Westmore,* and *Westmore* vs. *Forbes.*

HUTCHINSON, J. after stating the case, announced the opinion of the court.— { Franklin, Jan. 1829. / Babcock vs. Kennedy. } The only ground on which the plaintiff can recover the sum claimed of the defendant is, that he is liable to pay the rent in question to *Thomas Kennedy*, the mortgagor; for, the report of the auditor shows, that the articles were delivered in contemplation that they would go in payment of the rent, supposing the defendant as mortgagee, entitled to receive such rent. If the plaintiff is compellable to pay this rent to the mortgagor, the consideration, upon which he delivered the articles to the defendant, has failed, and he ought to recover back their value; if otherwise, the same must go in payment of the rent, according to the original understanding between the plaintiff and defendant.

The statute allowing the defendant in an action of ejectment, to come in with a motion for a decree of redemption, only admits that motion after a judgment for the plaintiff in common form : and the common form, as dictated by other statutory provisions, is for the plaintiff to recover his damages and costs. Another statute provides, that the mortgagor shall have a right to keep possession of the mortgaged premises till condition broken, in all casses except where a contrary provision is contained in the mortgage deed. As soon as there is a breach of the condition by non-payment, the mortgagee has a right to the possession of the mortgaged premises; and having such right, if he sues and recovers, his judgment in common form, according to his legal rights, would be that he recover his damages and cost, computing the rents and profits from the breach of the condition. If a motion to redeem is then interposed, these damages will form no part of the sum due in equity, but that will be composed of the money secured by the mortgage and its interest, just as though these damages had not been recovered. But, if there be no redemption, in fact, execution will issue for these damages and the taxable costs. The effect, therefore, of this recovery of damages, is only to enforce actual redemption; for, if such damages are recovered and collected without any decree of foreclosure, the mortgagee must account for the same as part payment of the mortgage money, whenever the mortgagor brings his bill to redeem. As between the mortgagee and the original mortgagor, this recovery of dam-

Franklin, Jan. 1829.

Babcock vs. Kennedy.

ages would be but of little use; for the mortgagee might usually as well pursue his mortgage securities. It is considered in *Massachusetts*, that the mortgagee's suffering the mortgagor to remain in possession, amounts to a consent to receive nothing as rent but the interest of the money : and the courts there allow the mortgagee no rents and profits.

The reasoning cannot be the same, when the assignee of the mortgagor takes possession and converts the profits to his own use ; for the mortgagee has no remedy against such assignee for the accruing interest upon the mortgage money ; and if he is enriched by the rents and profits of the mortgaged premises, he holds the same out of the reach of the mortgagee ; his only remedy being upon the mortgagor and upon the mortgaged premises. It would, therefore, seem reasonable, if the law will admit of it, that the mortgagee should recover the rents and profits of such assignee, and thereby render a redemption more certain, and he be liable to account for the same when redemption is made. This court decided in a case in *Caledonia* county, (See 1 *Aik. Rep.* 329, *Atkinson* vs. *Burt et al.*) that the mortgagee might recover rents and profits against the assignee of the mortgagor, after notice to quit ; and, if no such notice, then, from the commencement of the action.

In the present case, the defendant's calling upon plaintiff, after a breach of condition, and giving him notice to pay the rent to the defendant, was, for this purpose, tantamount to notice to quit; and from that time forward he had a right to receive the rents & profits, from the principles of the decision above cited. And, during the same period, the mortgagor could support no claim for the rents and profits, for the very reason that the same belonged to the defendant.

It appears from the report of the auditor that the defendant, the mortgagee, was in possession of the other parts of the mortgaged premises ; but it does not appear that the plaintiff had so attorned to the defendant, as to render his possession, properly speaking, that of the defendant. The plaintiff seems to have declined attorning to the defendant, through fear of his liability to the mortgagor. Yet, after the pay-day of the mortgage money had arrived, and the payment not made, and he notified by the de-

fendant to pay him the rent, if he     Franklin, Jan. 1829.
paid it to *Thomas Kennedy*, the mort-    *Babcock* vs. *Kennedy.*
gagor, he would have done so at the peril of paying the same again to the defendant, the mortgagee. So far as regards this part of the defence, the facts reported by the auditor entitle the defendant to judgment for his costs. ·

We will now notice the arbitrament and award. If this forms any answer to the defence set up, it must be on the ground that the defendant is thereby estopped to set up his right to this rent, or his claim thereto is barred, as if there had been a regular adjudication and decision against his right. It appears by the report that the defendant brought against the plaintiff an action of assumpsit for the use and occupation of these premises. That action was submitted to, and decided upon, by arbitrators, and the award was against the present defendant, that he · could not recover in the action. It does not appear on what ground they arrived at that decision; but, if there is any ground on which they might so decide, and yet this defence stand good, the estoppel or bar fails. Now it is obvious that action might have been decided upon the ground of a total want of contract between plaintiff and defendant. The arbitrators might have found the defendant in that action a trespasser upon, and not tenant to, the then plaintiff, who is the present defendant. What is more conclusive, they might have decided on the very ground, that the items of the plaintiff's account, now sued for, were a full payment of the very rent then sued for.

In such a case, their decision would have been correct, and would also furnish a good reason why the present plaintiff should not recover in this suit, and get back the very money that once went in payment of the rent. In every view taken by this court, the judgment for the plaintiff is erroneous, and must be reversed. And, it also appearing by the report of the auditor, that, if the plaintiff's account was applied in payment of the rent, there would be nothing due to the plaintiff, judgment must be rendered for the defendant to recover his cost ; which is the judgment the County Court ought to have rendered.

*Smalley* and *Adams*, for plaintiff.
*Richardson,* *Aldis,* and *Davis,* for defendant.