ISAAC WARNER vs. THOMAS PATE & HENRY THOMAS,

If A. take a deed of mortgaged premises of the Mortgagor, after the law-day has expired, and exercises acts of ownership over the premises, keeping the Mortgagee out of possession, A., may be joined with the Mortgagor, as defendant in an action of ejectment to be brought by the Mortgagee to recover possession.

And in such case, A. is liable for *mesne* profits, if the land remains unredeemed.

This was an action of ejectment of Lot No. 77, in the Village of Burlington, mortgaged to the plaintiff by Pate, one of the defendants. Plea, General Issue. It was tried March Term, 1832.

The facts which then appeared are generally stated in the opinion of the Court; and here it is necessary merely to add that it appeared on the trial, that the plaintiff had obtained a decree of foreclosure at the then last January Term, amounting to somewhat more than $1000, and that the time to redeem would expire on the first day of May, A. D. 1832.

Upon the evidence, the defendants contended that the said Henry Thomas was not liable, and ought not to have been joined in the action, inasmuch as he was not, in legal contemplation the Landlord; and also, that if the said Henry Thomas was lawfully joined in the action he was not liable for the rents and profits, in as much as the notes of the plaintiff and the interest thereon had been secured to the plaintiff, by his decree of foreclosure, and inasmuch as the said Thomas had never received any rents or profits of said premises.

But the Court decided, that the said Henry Thomas was lawfully joined in the action, and was liable with Pate for the rents and profits from the commencement of the suit, no notice to quit having been shown.

CHITTENDEN,
January,
1833.

Warner
vs.
Thomas &
Pate.

To this decision of the Court, the defendants tendered their bill of exceptions which was allowed, and the case now comes here for consideration.

*Allen for defendant*, Insisted, that Thomas could not be joined with Pate in this ejectment, *barely as landlord*, for having taken a deed of the land in question from Pate. The Statute requiring the landlord to be joined with the tenant in ejectment, applies to those cases only where that relation is created by deed, and that of *record ;* and so has always been the construction of that Statute by this Court. Stat. p. 84, sec. 88.

2d. An ejectment cannot be maintained unless there has been a disseizin by the defendant Thomas or an actual ouster of the plaintiff. Thomas was never in possession of the land claimed in this action; his taking a deed and putting it on record is no ouster of the plaintiff, was no disseizin by himself. Vide *Cooley* vs. *Penfield*, 1 Vt. Rep. 244.

3d. Neither will an ejectment prevail when it is brought against a servant, a lodger or mere trespasser or hired man. It must be brought against some one who is actually seized of the land and ousted the plaintiff claiming the title or possession. Vide D. Chipman, 215, *Jones* vs. *B. & W. Webber*.

4th.—Admitting that Thomas could be joined as landlord, nothing more than nominal damages could be recovered against him, as he was never in possession and took no part of the rents or profits of the land.

5th. The case finds that plaintiff had obtained a decree of foreclosure for the same premises, including the full amount of his principal and interest on the notes secured by the mortgage up to the first day of May, succeeding the vendition of the present judgement; and if he can recover rents and profits in this action he gets double damages against the defendants.

*Maeck, for plaintiff.*—Plaintiff was bound by the Statute to join the landlord as well as the tenant. Stat. p. 84.

2. Henry Thomas by the deed from Pate to him became landlord and Pate the tenant.

CHITTENDEN,
January,
1833.

Warner
vs.
Thomas &
Pate.

3. Thomas and Pate were both in actual possession of the premises.

4. The decree could not have any bearing upon the ejectment, but whether a recovery in ejectment will open the foreclosure is a different question depending upon the peculiar circumstances of the case. *Booth* vs. *Booth*, 2 Atk. 234, Pow. on Mort. 1045.

5. But no question was raised as to the propriety of sustaining this suit.

6. If plaintiff is entitled to damages, he is entitled to recover of both defendants, and whether Thomas has received any portion of the rents and profits is wholly immaterial.

7. Plaintiff is entitled to damages in all cases where the notes and the interest would not be a compensation. *Atkinson* vs. *Burt*, 1 Aiken, 329.

The opinion of the Court was delivered by

BAYLIES, J.—There are two questions to be decided, 1st. was there a *misjoinder* of defendants? 2d. was Henry Thomas liable to pay for rents, and profits? As to the first question, it appears, that Thomas Pate was the mortgagor of the land in question to the plaintiff, on the 18th January, 1831; that one note of $200, which, by the condition of the mortgage, was payable to the plaintiff on the first day of May, 1831, was not paid; and by reason thereof the plaintiff became entitled to the possession of the land; but said *Pate* continued to hold possession, and, on the 17th May 1831, deeded the premises to Henry Thomas, who, shortly after, forbid the plaintiff ploughing the land, and threatened to prosecute him if he did. The said *Henry* Thomas ploughed the land, and Pate planted it.

From these facts, the plaintiff, has a right to conclude, that Henry Thomas was in joint possession with Pate; especially, when Thomas forbid the ploughing the land, and ploughed it himself—and there is nothing in the case, which, shows that Thomas subsequently abandoned this possession. If Thomas and Pate had joint possession, there was no *misjoinder* of parties in suing both. But if Thomas had not a joint possession with Pate; yet as he took a deed of the premises from Pate, who held possession by the ex-

CHITTENDEN,
January,
1833.

Warner
vs.
Thomas &
Pate.

press, or implied consent of Thomas, the relation of Land- lord and tenant existed between them, and the plaintiff was justified in joining them in the action by the Statute, which says, " the action shall *in all cases* be brought as well against the landlord, or landlords, if any there be, as against the tenant or tenants, in possession of the premises demanded; and if any such action be otherwise brought, the same shall, on motion, be abated." The Statute does not say, that the tenancy shall be *for years, at will,* or *at sufferance*; but it says " *in all cases,*" the action shall be brought against the landlord and tenant, or the writ shall abate. Whether in the case at bar, the writ would abate, if the landlord had not been joined, we are not called upon to decide; but we do decide, that the writ should not a- bate, because the action is brought against the landlord as well as the tenant.

As to the 2d question, it is observable, that if the mo- ney contained in the decree respecting the mortgage in this case, was paid to the plaintiff, he would receive the inter- est of his money from the 17th of May, 1831, when Pate deeded to Thomas, till 1st May, 1832, when the time of redemption expired.

But when judgement was rendered in the action of e- jectment for *rents* and *profits* of the land, to wit, at the March Term of the County Court A. D. 1832, it was un- certain whether the *interest* would be paid—if it was paid when the time of redemption expired, there should be a deduction to the amount of the *rents* and profits, if the same were received by the plaintiff. The liability of Hen- ry Thomas to pay the *rents,* and *profits* is settled by the case of *Atkinsons, adms.* vs. *Burt et al,* 1 Aik. 329.

Judgement of the County Court is affirmed.