### Samuel Duncan *vs.* Gilman Sylvester & *al.*

An action of trespass *quare clausum* cannot be maintained, where one tenant in common of land disturbs the temporary, but rightful possession of the common property by his co-tenant.

In an action of trespass *quare clausum,* brought by *demurrer* from the Court of Common Pleas to this Court, under the provisions of the statute of 1829, *ch.* 444, and where the action cannot be maintained in that form, the Court will not permit an amendment by adding a count in trespass *de bonis asportatis.*

This was an action of *trespass* originally commenced in the Court of Common Pleas, in which the plaintiff declared in two

counts, first, *quare clausum*, and second, *de bonis asportatis*, and was brought into this Court by demurrer. The plaintiff on his motion, by leave of Court, struck out his second count, and proceeded to trial on the first only.

It was proved at the trial before *Parris J.* that the plaintiff and defendants were tenants in common of the close and salmon fishery described in the declaration, each party owning a moiety thereof. Both parties had placed nets for taking salmon on the common privilege, and the defendants entered and cut away, or cast off and sent adrift, the plaintiff's nets.

The Judge ruled, that this action of trespass, *quare clausum*, could not be maintained on these facts.

The plaintiff's counsel then moved for leave to restore his second count, and again renewed it, for the consideration of the Court, at the argument.

*Thayer*, for the plaintiffs, contended, that where one tenant in common of real estate disturbs another in his use of the common property, or takes away his personal chattels from land owned in common, trespass *quare clausum* will lie. He cited 1 *Chitty on Pl.* 180, and the cases referred to in notes *s*, and *t*; *Bacon's Ab. Trespass, C. 3.*

To shew that the two counts might be properly joined, he cited 2 *Chitty on Pl.* 383; *Smith* v. *Milles*, 1 *Term R.* 479; *Compere* v. *Hicks*, 7 *T. R.* 727.

*W. G. Crosby*, for the defendants, relied on the case, *Keay* v. *Goodwin*, 16 *Mass. R.* 1, as conclusive, that trespass *quare clausum* could not be maintained.

The plaintiff having struck out his first count to give this court jurisdiction, ought not now to be permitted to restore it. He has elected to consider it an action of trespass *quare clausum*, and as such only was he entitled to an appeal, on a sham demurrer, by the provisions of the statute of 1829, *ch.* 444, § 2. As he cannot maintain his suit on that count, if he is permitted to put in another count whereby to do it, it will be an evasion of that statute. *Snow* v. *Hall*, 3 *Greenl.* 94.

*Thayer*, in reply. The case of *Keay* v. *Goodwin* is in favor of the maintenance of the action of trespass *quare clausum*. A

*dictum* of the Judge, who delivered the opinion, may be opposed, but every thing which was decision in the case, is in our favor.

The action was continued *nisi*, and the opinion of the Court was afterwards drawn up by

Weston C. J. — The plaintiff had a right to place his net where he did ; and the defendants in cutting or casting it off and turning it adrift, were guilty of a trespass. But it is contended, that the plaintiff cannot maintain trespass *quare clausum*, for the injury. The objection is a technical one ; and, furnishing no defence to the merits of the case, we have not been disposed to regard it with favor. But upon consideration, we are of opinion that it is sustained by authority. *Littleton*, in his tenures, § 322, says, if two have an estate in common for a term of years, and the one put the other out of possession, the injured party may maintain ejectment. But in the next section he states, that although ejectment will lie, trespass *quare clausum*, will not, for one tenant in common against another. *Coke*, in commenting upon this section, says, if there be two tenants in common of land, and one take up and carry away the mete stones, the other may maintain trespass, *vi et armis*, for the injury. And if there be two tenants in common of a folding, and one of them disturb the other in erecting hurdles, he may maintain the same action for the disturbance. But he does not say that trespass *quare clausum*, can be brought in either case. *Coke Lit.* 200 *b.*

Whenever a party has an exclusive right to the possession, this action may be maintained, although he has not an absolute right to the soil, or the whole property therein. And it may be supported for a trespass in a portion of a common field, after an allotment in severalty to the plaintiff. *Welden* v. *Bridgewater, Cro. Eliz.* 421.

The opinion of *Wilde J.* was against the action in *Keay* v. *Goodwin,* 16 *Mass. R.* 1, where one tenant in common disturbs the temporary, but rightful possession of another. And in our judgment, this opinion is in accordance with the principles of law.

It is submitted to the Court, whether if the plaintiff's count, *de bonis asportatis*, should be restored, he would be entitled to judgment upon that count only. If the action cannot be main-

tained upon the count as it stands, it ceases to be an action of tres-
pass *quare clausum,* which alone justified the demurrer in the
Common Pleas, under which it was brought into this Court.
*Stat. of* 1829, *ch.* 444. To decide otherwise would have the
effect to justify an evasion of the statute, by the insertion of a
formal count of this sort, in cases where it is not warranted by
law. *Snow et al.* v. *Hall,* 3 *Greenl.* 94. As it is brought be-
fore us, we cannot sustain it, as an action, *de bonis asportatis.*