## ROBERTS *vs.* DAME & a.

Where a plea confesses the action, and does not sufficiently avoid it, judgment is given, on the confession, for the plaintiff, notwithstanding there is a verdict for the defendant.

But defects of form are cured by a verdict, or by an answer of the adverse party to the merits.

In an action of trespass *quare clausum fregit*, a plea of soil and freehold in the defendant is not supported by evidence that the defendant was a tenant in common with the plaintiff.

TRESPASS, for breaking and entering the plaintiff's close in Rochester, bounded, &c., destroying the plaintiff's crops, throwing down the foundation wall for a dwelling house, breaking down and destroying the plaintiff's fence, and building a fence across the premises.

The action was commenced before a justice of the peace.

Upon the return of the writ before the magistrate, the defendants, Caleb Dame, and James Dame, filed a plea in bar,

Roberts *v.* Dame.

"that as to the force and arms, or any thing against the peace, and also the whole trespass aforesaid, except the breaking and entering the close aforesaid, and throwing down the said foundation wall and fence, and erecting the fence aforesaid across said close, they say they are not guilty thereof in manner and form as the plaintiff has complained against them. And as to the breaking the close aforesaid, and throwing down the foundation wall and fence aforesaid, and building said fence across said close, the said Caleb and James say that the plaintiff his action aforesaid against them ought not to have and maintain, because they say that the close aforesaid, in which the trespass aforesaid is supposed to be committed, at the time when, &c., was the close, soil and freehold of the said Caleb. Wherefore the said Caleb, and the said James as the servant of the said Caleb, at the time when, &c., broke and entered the said close, and threw down the foundation wall and fence aforesaid, and built the fence aforesaid, across said close, as they lawfully might do, which is the same trespass, &c., and this they are ready to verify."

Upon the filing of this plea all further proceedings before the magistrate were suspended, and the action was entered in the common pleas, in pursuance of the statute in relation to actions of trespass commenced before a magistrate, where the defendant pleads a plea which brings the title of real estate in question.

Upon the entry in the common pleas, the plaintiff replied that he ought not to be precluded from maintaining his action against the defendants, because the said close in which the breaking and entering, and throwing down the foundation wall and fence aforesaid, mentioned in the defendants' plea aforesaid in bar, was done, was the soil and freehold of the plaintiff, "without this, that the said close, in which the said trespass was committed, was the soil and freehold of the said Caleb," concluding with a verification.

The defendants rejoined that the place in which, &c., at the said time when, &c., was the soil and freehold of him, the

said Caleb, in manner and form as they, the said Caleb and James, had above thereof in pleading alleged; and tendered an issue to the country, which was joined.

Upon the evidence adduced, the court instructed the jury that if the defendants had proved that Caleb Dame was a tenant in common of the premises, that was sufficient to maintain the issue on their part, and that they should in that case find a verdict for the defendants.

The jury returned a verdict that the place in which, &c., at the time when, &c., was the soil and freehold of him, the said Caleb, in manner and form as they, the said Caleb and James, have above thereof in pleading alleged.

The plaintiff thereupon moved for judgment, notwithstanding the verdict, on the ground that the plea and verdict did not apply to, or cover all the trespasses, or the gravamen of the action; and also moved for a new trial, on the ground of misdirection; and the action was transferred to this court for the consideration of these motions.

*Christie*, for the plaintiff. Here are two pleas, one not guilty, which should have concluded to the country. The whole concludes with a verification. The plea is double. If the first part of the plea had concluded to the country, we might have taken issue.

The *allegata* and *probata* must agree. The defendants allege that Caleb Dame owned the soil and freehold. This means the entire title. They should therefore have proved this. 1 *Stark. Ev.* 392, *last ed.*, (346.)

*Hale*, for the defendants. The defect, if it be a defect, is cured by pleading over. The plea is according to the form in the N. H. Justice. If Caleb Dame is tenant in common he is seized sufficiently for this defence.

PARKER, C. J. There is no ground in this case for entering judgment for the plaintiff notwithstanding the verdict.

Roberts *v.* Dame.

Where a plea confesses the action, and does not sufficiently avoid it, judgment is given on the confession, without regard to a verdict for the defendant. 2 *Tidd's Pr.* 828 ; 2 *Ld. Raym.* 924, *Staples* vs. *Heydon ;* 1 *Salk.* 173 ; 1 *Strange* 394, *Rex* vs. *Phillips ; Willes* 364, *Broadbent* vs. *Wilks ;* 1 *Wils.* 65, *S. C. in Error ; Cro. Eliz.* 214, *Lucy* vs. *Reynolds ; Carth.* 370, *Jones* vs. *Bodinner.*

The plea in this case, certainly, does not confess the action without avoiding it. It covers the entry, and seems to answer the whole declaration. And the verdict finds all the matter put in issue. If there is any informality in the plea, the plaintiff should have demurred specially. Defects of form are cured by a verdict, or by an answer of the adverse party to the merits.

But the instructions to the jury, that if the defendants had proved Caleb Dame to be a tenant in common of the premises, that was sufficient to maintain the issue, were erroneous. This fact, even if it might have furnished a defence, was not admissible under these pleadings.

Trespass in general does not lie for one tenant in common against another. 1 *Chitty's Pl.* 207. But it may be supported in certain cases. As where one tenant in common of a chattel destroys it, or sells the entire property. So if one tenant in common of land ousts his co-tenant, trespass lies for the mesne profits. *See cases cited* 9 *N. H. Rep.* 511, *Odiorne* vs. *Lyford.*

If the plaintiff and Caleb Dame were tenants in common of the land, and the defendants did no more than Caleb Dame might lawfully do, he might have maintained his defence under the general issue. 1 *Salk.* 4, *Haywood* vs. *Davies ;* 1 *Chitty's Pl.* 491, 494. And James Dame could have justified as his servant.

If they exceeded the right of a tenant in common, by destroying the fences and other property, perhaps they might, upon the same pleadings, have justified the entry, and thereby have defended themselves for what was done under it.

Roberts *v*. Dame.

Whether one tenant in common can support trespass *quare clausum* for an injury to real property owned in common, after a lawful entry, may admit of question.    16 *Mass*. 4, *Keay* vs. *Goodwin ;* 8 *Pick. R.* 175.

But we are not required to pass upon any question of that character, on the pleadings before us.    The defendants pleaded that the close was the close, soil and freehold of Caleb Dame.    The title thus set up in Caleb Dame is not that of a tenancy in common with the plaintiff.    The plea imports a title to the close adverse to that set up by the plaintiff.    It must be understood as an allegation of sole title as against the plaintiff.    The replication reäffirms the allegation of the declaration that it is the close of the plaintiff, with a formal denial of the title set up by Caleb Dame, and the issue is whether he is the owner.    To maintain this it is not sufficient to show that he is a tenant in common with the plaintiff.    7 *Cowen's R.* 230, *Erwin* vs. *Olmstead ;* 4 *Johns. R.* 159.    If judgment should be rendered on this verdict, it would be evidence to show a title in C. Dame, adverse to the plaintiff, at the time of the entry, in another action between these parties.

For these reasons there must be a

*New trial.*