# GRAFTON,

## DECEMBER TERM, A. D. 1846.

---

### KIMBALL *v.* PIKE.

An assignment of a reversion carries with it, as an incident, rent subsequently becoming due on a lease, made prior to the assignment, whether the assignment be by absolute deed or by mortgage.

If the lease is assigned before the assignment of the reversion, *quære*, whether, without a reservation in the assignment of the reversion, the rent will not pass to the assignee of the reversion, if he have no notice of the assignment of the lease.

DEBT, for rent on a lease. The plaintiff offered in evidence an indenture of lease between Ezra Niles and the defendant, dated March 4, 1840, by which Niles leased to the defendant certain premises in Haverhill, and the defendant covenanted to pay a certain rent per year. The term of the lease was for five years, commencing March 9, 1840. The lease was assigned to the plaintiff by Niles, January 4, 1842. The declaration was for the rent for two years, commencing March 9, 1843.

The defendant pleaded the general issue, with a brief statement, under which he offered a mortgage deed of the same premises from Niles to one Johnson, dated January 4, 1841, recorded January 5, 1841, to secure a note for $1300, which was produced.

The defendant further offered evidence to show that on the eighth day of May, 1843, the mortgagee entered and foreclosed. The defendant also contended that no rent accrued from March 9 to May 8, 1843.

The plaintiff objected that the above evidence did not

constitute a defence, and the court sustained the objection, and directed a verdict for the plaintiff. The defendant excepts.

*Sloan,* for the plaintiff.

*Page & Hibbard,* for the defendant.

PARKER, C. J.    The general principle is that rent reserved, and not due, is incident to the reversion, and passes with it to the assignee.   2 N. H. Rep. 454, *York* v. *Jones;* 16 Mass. 1, *Keay* v. *Goodwin;* 7 Pet. 596, *Scott* v. *Lunt;* 8 Cowen 206, 209, *Demarest* v. *Willard;* 3 Penrose & Watts (Penn.) 406, *Johnson* v. *Smith.*   And the rule is the same where the assignment of the reversion is by mortgage instead of being by an absolute conveyance. Doug. 270, *Moss* v. *Gallimore;* 1 D. & E. 383, *Birch* v. *Wright;* 3 Met. 76, *Burden* v. *Thayer;* 15 Mass. 269, *Fitchburg Man. Co.* v. *Melvin;* 1 Vt. 457, *Babcock* v. *Kennedy. Wheeler* v. *Branscombe,* 5 Adolph. & Ellis 373, appears to have been decided upon the special circumstances of the case.   Mr. Justice *Coleridge* said, "The documents show the intention of the parties not to have been to dispose of the reversion, but to make the mortgagee the agent or bailiff of the mortgagor, with authority to receive the rents."

Upon these authorities there could be no question in this case, had it not been for the assignment of the lease by the lessor.   As against the rights of the lessor, who is also the mortgagor, the right of the mortgagee was complete at the time of the execution of the mortgage.   1 Met. 494, *Welch* v. *Adams.*   There might have been a reservation of the rent.   Co. Litt. 143.

But it is very apparent that no subsequent assignment of the lease can take away this right of the mortgagee. The rule in relation to negotiable securities, transferred

before they are payable, does not apply. 19 Pick. 476, *Stone* v. *Patterson ;* 2 Hill 274, *Willard* v. *Tillman.*

It may well be doubted whether, if the assignment of the lease had occurred before the making of the mortgage, it would have made any difference, there being no reservation of the rent in the mortgage, and no notice of the lease to the mortgagee.

*Verdict set aside.*