The opinion of the Court was delivered by
Parsons, C. J.
It appears that the defendant had been employed by the promisee to sell tickets for him; that on an account stated by him, there appeared to be due the sum mentioned in the note, and that the note was given for that sum ; and it being agreed by the parties, that the defendant may have the same defence in this action, which he could have if the promisee were plaintiff, he offered to give in evidence that the account stated, according to which the note was given, made the balance too large, by 118 dollars, 25 cents, which sum ought to be deducted; that he was authorized to sell the tickets on credit; and that on that sale there was a loss of that sum, for which he had not credit in the account. To prove these facts he relied on a memorandum on the account stated, to prove the loss; and he offered a letter of the promisee, which is in the case, to prove that he was authorized to sell on credit. *184 The judge rejected this letter, as irrelevant, and for this cause the first exception is filed.
Upon looking into this letter, we are not satisfied that it contains a sufficient authority to sell on credit at the risk of the managers, nor does it appear that the defendant considered it to contain such authority; for he frankly appeals to the liberality of the managers or proprietors as to any loss he anticipated, but which he produced at the trial no evidence that he had finally sustained.
I * 214 ] * In the course of the trial, the defendant, to prove payment of 40 dollars, in part of the note, gave in evidence a payment of that sum, to James S. Dwight, to be paid over to the promisee or his attorney; that the attorney was Jonathan Dwight, jun., a brother of the said James; that at the time of this payment, the attorney had the note in his custody; and that the two brothers kept their cash accounts together, and not separate. Jonathan Dwight, jun., swore that be had no knowledge that the same money was ever received by him as attorney, or ever came to the use of the principal. This evidence, the judge directed the jury, was not sufficient, to prove payment of the 40 dollars to the promisee. A nd for this direction the second exception is filed.
As to this last exception, we are likewise satisfied that the direction was right. To make the case the strongest for the defendant the evidence will admit, it appears that the principal had appointed an attorney, with authority to receive this money. This attorney was in partnership with a third person, as to other matters; but the third person had no concern or power in the attorneyship. The defendant pays the money to this partner of the attorney; and there is no evidence that the money ever came into the hands of the attorney or his principal. Certainly this cannot be evidence of payment to the principal. The defendant paid the money to a third person, who had no authority to receive it, and who is accountable for it to the defendant.
It is the opinion of the Court that the defendant take nothing by his exceptions. _
After this opinion was delivered, Bliss moved the Court to set aside the judgment, as having been rendered without competent authority. He contended that, by permitting the exceptions to be filed, and ordering a continuance of the cause, for the purpose of submitting them to the opinion of a full Court, the judge had determined, that the exceptions were not frivolous or immaterial. He had then exercised all the jurisdiction, which, sitting alone, he *185 had over the action. He was functus officio. The statute contemplates that the same judge, against whose opinion the exceptions are filed, * shall determine them frivolous [ * 215 ] or not, and that at the same term at which they are offered. The same judge holding the Court at the second term, can make no difference in this matter.
As to the power of the Court in this case to set aside the judgment, in this summary way upon motion, Bliss suggested, though with some hesitation, that such power might be inferred, from the words of the latter part of the statute authorizing these exceptions. It is there declared, that the Court, held by three or more justices, to which such action shall be continued, shall do therein what to law and justice shall appertain.
The Court observed to Hooker, who was counsel for the plaintiff, that it was unnecessary to hear him, as they should give no opinion as to the authority of the judge on a motion like the present; If the defendant thought it expedient to bring the question before the Court for a solemn decision, he must sue out his writ of error coram vohis. The error, if it was one, was matter of record.
Note. Sedgwick, J., being one of the proprietors of the South Hadley canal, and apprehending them interested in this action declined giving any opinion.