## JOSEPH W. TUFTS *vs.* JAMES C. NEWTON.

Middlesex.   January 14. — 20, 1876.   COLT & ENDICOTT, JJ., absent.

The time for pleading to a writ of error may be enlarged under the 29th rule of this court.

Under the Gen. Sts. *c.* 115, § 7, a bill of exceptions must be presented to the judge, as well as filed with the clerk, within the time therein specified ; and unless so filed the judge is not obliged to allow them.

Whether a judge errs in disallowing a bill of exceptions is a matter of record, and cannot be affected by oral evidence of his reasons.

On a writ of error to reverse a judgment of the Superior Court, the error assigned being the disallowance of exceptions, taken by the plaintiff in error in an action of contract brought against him in that court, because not presented to the judge within the time required by law, whereas, as it was alleged, the record showed that they were presented in time, the question arising on the record is an issue of law, which a single justice of this court cannot try or reserve, but which is within the exclusive jurisdiction of the full court.

WRIT OF ERROR to reverse a judgment of the Superior Court in an action of contract brought by Newton against Tufts.   The error assigned was that exceptions taken by Tufts at the trial of that action before the jury were disallowed by the presiding judge, because not presented to him within the time required by law, whereas the record showed that they were presented within the time required by law.

The docket and files of that action (no extended record being produced) showed that the verdict was returned in favor of Newton October 15, 1874; that Tufts filed his bill of exceptions with the clerk October 16, 1874; that the court was in session every week day until October 22, 1874, when *Bacon*, J., made and signed this certificate thereon : " Presented to me October 22, 1874.   Disallowed, because these exceptions were not presented to me for allowance within the time required by law, and consent to extend said time was refused by the plaintiff."

Newton did not appear or plead to the writ of error within ten days after the return of the *scire facias*, and Tufts thereupon moved for a default.   But *Wells*, J., afterwards, within the term, allowed Newton, against the objection of Tufts, to appear and plead *in nullo est erratum ;* and made a report of the case, which stated the facts above set forth, and further stated that Tufts duly saved and alleged exceptions and reduced the same to writ-

ing, but did not present them to the judge (otherwise than by filing them with the clerk) until October 22, 1874, and that, " if competent evidence in this proceeding, it was admitted that said judge stated orally, as one of the reasons for refusing to allow said exceptions, that they had not been presented to him seasonably, and that he thought he had not the right then to allow them, without the consent of Newton, or to extend the time for the presentation of exceptions to the court, after the three days allowed by statute had expired." The report concluded as follows : " The case having been submitted to me upon the foregoing facts and offer of proof, I thereupon adjudged that said judgment of the Superior Court should be affirmed, and, at the request of the plaintiff in error, report the case for the consideration of the full court."

*W. G. Sprague*, for the plaintiff in error.

*W. S. Stearns*, for the defendant in error.

GRAY, C. J. The time for pleading to a writ of error is not fixed by statute, but depends upon the rule of court, which expressly reserves the power to restrict or enlarge the time. Gen. Sts. *c.* 146, §§ 1–10. Rule 29, 104 Mass. 564. The plea was therefore duly filed.

The statute which regulates bills of exceptions clearly requires them, not only to be filed with the clerk, and notified to the other party, but to be presented, within the time specified, to the judge who made the ruling excepted to, and who is to examine the bill and sign with his own hand a certificate allowing or disallowing it. The exceptions in the case at bar not having been presented to the judge within that time, he was not obliged to allow them. Gen. Sts. *c.* 115, §§ 7, 8. *Barstow* v. *Marsh*, 4 Gray, 165. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424, 432. *Commonwealth* v. *Greenlaw*, *ante*, 208.

Whether the judge erred in disallowing the exceptions was a matter of record, and could not be affected by oral evidence of his reasons. *Brown* v. *Bull*, 3 Mass. 211. *Fleming* v. *Clark*, 12 Allen, 191. The question arising upon the record was an issue in law, which a single justice of this court had no authority either to try or to reserve, but which is within the exclusive jurisdiction of the full court. Gen. Sts. *c.* 112, § 5. In the exercise of that jurisdiction, it is ordered that the judgment of the Superior Court be

*Affirmed.*