## FRANK CONTO *vs.* FRANK C. SILVIA.

Bristol.    October 24, 1897. — January 8, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Error — Infant — Judgment — Assignment of Errors — Plea — Jurisdiction.*

The facts, that at the time when a judgment was rendered against the defendant in a civil action he was an infant, that he had no probate guardian, and that no guardian *ad litem* was appointed to defend the action, assigned as errors in a writ of error, are well assigned, and a plea of *in nullo est erratum* admits the facts so assigned, and raises an issue of law which is within the exclusive jurisdiction of the full court.

WRIT OF ERROR, to reverse a judgment of the Second District Court of Bristol, rendered in an action of replevin by the defendant in error against the plaintiff in error. The errors assigned were that, at the time of the rendering of the judgment the plaintiff in error was a minor; that, at the time of the commencing of the action in which the judgment was rendered, he did not have and never had had any probate guardian; and that no guardian *ad litem* was appointed to defend him in the action; and a copy of the record of the action was annexed.

Plea, *in nullo est erratum.* To this plea the plaintiff in error filed a replication. Hearing in this court, before *Morton,* J., who made the following report:

"This case was heard by me on the petition and exhibits and the answer *in nullo est erratum,* and the express admission of the defendant in error, in addition to the effect of the pleading, that the plaintiff in error was a minor at the time the judgment was rendered against him. I ordered the entry to be made, 'Judgment reversed,' but afterwards, upon seeing *Tufts* v. *Newton,* 119 Mass. 476, doubted my power to do so, and, the sitting having adjourned, also doubted my power to vacate the entry, as the defendant in error asked me to do.

"With the consent of the parties, I reserve and report the case for the full court; such disposition to be made of it as may seem fit."

*J. W. Cummings & E. Higginson,* for the plaintiff in error.

No counsel appeared for the defendant in error.

FIELD, C. J.   There is no doubt that the judgment should be reversed.   *Johnson* v. *Waterhouse*, 152 Mass. 585.

Some doubt is expressed in the report whether the case on the pleading was within the jurisdiction of this court when held by a single justice.   *Tufts* v. *Newton*, 119 Mass. 476, was tried by a single justice, who ordered the judgment of the Superior Court to be affirmed, and then reported the case to this court.   The error assigned in *Tufts* v. *Newton* was that the judge of the Superior Court erred in disallowing the exceptions taken by the plaintiff in error at the trial of the original action in that court, because not presented to him within the time required by law, whereas the record showed that they were presented within the time required by law.   The defendant in error did not appear in the Supreme Judicial Court and plead to the writ of error within ten days after the return of the *scire facias*, and the plaintiff in error moved for a default; but the presiding justice extended the time for filing a plea, and the defendant in error pleaded *in nullo est erratum*, on which the case was tried, and the justice adjudged that the judgment of the Superior Court should be affirmed, and reported the case for the consideration of the full court.   In the opinion the full court say: " Whether the judge erred in disallowing the exceptions was a matter of record, and could not be affected by oral evidence of his reasons.   *Brown* v. *Bull*, 3 Mass. 211.   *Fleming* v. *Clark*, 12 Allen, 191.   The question arising upon the record was an issue in law, which a single justice of this court had no authority either to try or to reserve, but which is within the exclusive jurisdiction of the full court.   Gen. Sts. c. 112, § 5.   In the exercise of that jurisdiction, it is ordered that the judgment of the Superior Court be affirmed."

If the errors assigned are errors of law, and the plea is *in nullo est erratum*, and there are no other issues in the case, there seems to be no doubt that the case at once should be transferred to the docket of the full court.   Pub. Sts. c. 150, § 7.   *Bailey* v. *Edmundson*, 168 Mass. 297.   If the assignment is of errors of fact, and they are traversed, the issues must be tried before a single justice, and questions of law arising at the trial may be brought before the full court on exceptions or report, as in other trials at common law.   *Johnson* v. *Waterhouse*,

152 Mass. 585. *Bragg* v. *Danielson,* 141 Mass. 195. *Packard* v. *Matthews,* 9 Gray, 311. *Goodridge* v. *Ross,* 6 Met. 487.

The proceedings upon writs of error are "according to the course of the common law as modified by the practice and usage in this Commonwealth, and by general rules made by the Supreme Judicial Court." Pub. Sts. c. 187, § 15. Common Law Rule XXXI., 136 Mass. 598.

The effect of pleading *in nullo est erratum* to an assignment of errors of fact is said to be to admit the facts as assigned, if they are well assigned. In *Riley* v. *Waugh,* 8 Cush. 220, it is said in the opinion: "Matter of fact, which contradicts the record, is not assignable for error, and therefore the plea *in nullo est erratum* does not admit the truth of it; it is in the nature of a demurrer, and like a demurrer it admits the facts which are well pleaded. But it is often and properly filed where it is intended to insist, and in the present case it does in fact insist, that the matter assigned is not legally assignable for error, and that the defendant in error ought not to be drawn into controversy respecting it." But when the errors of fact assigned are well assigned, the plea *in nullo est erratum* admits the facts. *Bodurtha* v. *Goodrich,* 3 Gray, 508, 512. Tidd's Practice, (4th ed.) 1173. Howe's Practice, 483 *et seq.* Story's Pleadings, 371 *et seq.* 1 Lev. 311. *Hudson* v. *Banks,* Cro. Jac. 28. *King* v. *Gosper,* Yelv. 58.

This rule seems not always to have been observed in this Commonwealth, as cases are found in which *in nullo est erratum* was pleaded to an assignment of errors of fact, and issue was joined on the plea and the facts were tried by a jury. See *Goodridge* v. *Ross, Packard* v. *Matthews,* and *Tufts* v. *Newton, ubi supra.*

In the present case the errors of fact were well assigned, and the plea *in nullo est erratum* must be taken to admit the facts assigned as error. The plea therefore raised an issue in law, and the question is whether such an issue is an issue in law within the meaning of Pub. Sts. c. 150, § 7.

Pub. Sts. c. 150, § 7, is derived, so far as this question is concerned, from Gen. Sts. c. 112, § 5, which was derived from Rev. Sts. c. 81, § 13, which was derived from St. 1804, c. 105, § 6. But the issue in law raised in an assignment of errors of fact by

the plea of *in nullo est erratum*, it may be argued, is somewhat different from that raised by the same plea to an assignment of errors of law. See *Shaw* v. *Bunker*, 2 Met. 376.

Before the St. of 1804, c. 105, the terms of this court were always held by a quorum of the justices. St. 1782, c. 9, § 1. This had been the practice in the Superior Court of Judicature under the Province Charter. Prov. St. 1692–3, c. 33, § 6 ; 1697, c. 9, § 4 ; 1699–1700, c. 3, § 1. 1 Prov. Laws, (State ed.) 73, 283, 370. St. 1804, c. 105, first authorized some of the terms of the Supreme Judicial Court to be held by any one or more justices, and when held by any one of the justices it allowed exceptions to be taken. Howe's Practice, 14. Under the St. of 1804, c. 105, demurrers in actions of law in the Supreme Judicial Court seem to have been heard by the court held by three or more justices as raising issues in law. *Pearsall* v. *Dwight*, 2 Mass. 84. *Dole* v. *Weeks*, 4 Mass. 451. *Dyer* v. *Stevens*, 6 Mass. 389. *Keay* v. *Goodwin*, 16 Mass. 1. *Frost* v. *Hammatt*, 11 Pick. 70. *Boynton* v. *Dalrymple*, 16 Pick. 147. Common Law Rules 27–30, 24 Pick. 393, 394. By the Practice Acts of 1851 and of 1852, it was enacted that demurrers should or may be heard by a single justice. St. 1851, c. 233, § 33. St. 1852, c. 312, § 23. Gen. Sts. c. 129, § 64. Pub. Sts. c. 167, § 67. But Pub. Sts. c. 167, do not regulate the forms of pleading and procedure in writs of error.

As the plea in the present case, although not in form a demurrer, admits the facts assigned as error, and in connection with the record raises only an issue in law, this issue, we think, is one within the exclusive jurisdiction of the full court. Originally it was an issue determinable only by the full court, and no statute has been passed which gives the court when held by a single justice any jurisdiction over it. We are of opinion that the judgment of the Second District Court of Bristol must be reversed.

*So ordered.*