N. EMMONS PAINE *vs.* NEWTON STREET RAILWAY COMPANY.

Middlesex.      March 21, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Statute.      Street Railway.      Jurisdiction.      Railroad Commissioners.      Words,*
"Rulings."

By the Resolve of 1896, c. 87, the commissioners appointed to consolidate and arrange the Public Statutes were not authorized to make substantive changes in the statutes but only to suggest "mistakes, omissions, inconsistencies and imperfections" which might appear in the laws and the manner of correcting, supplying and amending them.

The provision of R. L. c. 112, § 100, giving the Supreme Judicial Court or the Superior Court jurisdiction in equity "to review, annul, modify or amend the rulings of any State board or commission relative to street railways as law and justice may require," relates only to rulings of law, and does not apply to findings and decisions upon questions of fact, and in such a proceeding the court can hear no evidence except the proof of the evidence that was before the board when the rulings complained of were made.

At the hearing on a bill in equity filed in the Superior Court under R. L. c. 112, § 100, to review, annul, modify or amend the rulings made by the board of railroad commissioners in approving a street railway location granted by the board of aldermen of a city, the only evidence admissible is the proof of the evidence that was before the board of railroad commissioners when the rulings complained of were made.

BILL IN EQUITY, filed in the Superior Court in its substituted form on May 18, 1905, by a physician maintaining a sanatorium for the treatment of diseases of the nerves at the corner of Fuller Street and Washington Street in Newton, under R. L. c. 112, § 100, to review, annul, modify or amend the rulings of the board of railroad commissioners approving an extension of the street railway tracks of the defendant authorized by the board of aldermen of the city of Newton.

The bill, after various allegations of fact, alleged that at the

hearing before the board of railroad commissioners the plaintiff requested that board to rule as follows:

" 1. That the board of aldermen of the city of Newton did not have jurisdiction of the petition of the Newton Street Railway Company for a grant of said extension.

" 2. That the Newton Street Railway Company as a corporation has no authority under the statutes to petition for a grant of an extension in the city of Newton.

" 3. That the grant of said extension by the board of aldermen of the city of Newton was illegal and void.

" 4. That upon all the evidence said extension or alteration of location as granted or made is not consistent with the public interest.

" 5. That upon all the evidence said extension or alteration of location as granted, made, or to be made, creates in said Washington Street a public highway, a public and a private nuisance."

The bill further alleged that the board of railroad commissioners refused to make any of the foregoing rulings requested by the plaintiff and approved the location of the extension granted by the board of aldermen, praying that the rulings of the board of railroad commissioners might be reviewed, annulled, modified or amended as law and justice might require, that the defendant might be enjoined from constructing the extension in accordance with the grant of the board of aldermen and approval and rulings of the board of railroad commissioners until a further order of the Superior Court, that the defendant might be permanently enjoined from constructing the extension on the location and operating its cars thereon, and for further relief.

In the Superior Court the case was heard by *Sheldon,* J. After the opening statement of the counsel for the plaintiff the judge made the following ruling:

" I am disposed to rule in accordance with the contentions of the defendant; that is, to rule that this court has power simply to review, annul, modify or amend rulings of the railroad commissioners on questions of law, and has not the power to hear evidence to alter any of the findings of fact; that the revision of rulings of law must be upon the evidence, and only upon the evidence, which was before the board whose rulings are brought

in question. You have the right to show what was the evidence before the board of railroad commissioners, but you have not the right to offer any other evidence of the facts that were in issue or that may be deemed to be in issue now. Accordingly, I will exclude all other evidence than evidence of what the evidence was before the board of railroad commissioners when the rulings of which you complain were made."

Evidence afterwards was offered by the plaintiff of matters not before the board of railroad commissioners which was excluded by the judge in accordance with this ruling. A stenographic report of the proceedings before the commissioners was proved and admitted in evidence.

The judge made an order under Chancery Rule 35 appointing a commissioner to take the evidence in the case to be reported to this court. He made a final decree that the bill be dismissed; and the plaintiff appealed.

*J. C. Ivy,* ( *C. S. Ensign, Jr.* with him,) for the plaintiff.

*H. W. Dunn,* ( *E. B. Jackson* with him,) for the defendant.

KNOWLTON, C. J. This is a proceeding in equity brought under the R. L. c. 112, § 100. It is entitled, in the plaintiff's bill, " Petition to annul, modify or amend rulings of the board of railroad commissioners approving an extension of street railway tracks granted to the defendant by the board of aldermen of said Newton." After a statement of the rulings of the board in their refusal to make the rulings requested by the petitioner, the petition contains a prayer that these rulings be reviewed, annulled, modified or amended as law and justice may require, followed by certain other subsidiary prayers.

The statute above referred to is in part as follows: " The Supreme Judicial Court or the Superior Court shall have jurisdiction in equity . . . to compel the observance of and to restrain the violation of all laws which govern street railway companies, and of all orders, rules and regulations made in accordance with the provisions of this chapter, by the board of aldermen of a city, the selectmen of a town, or by the board of railroad commissioners, and to review, annul, modify or amend the rulings of any State board or commission relative to street railways, as law and justice may require." Upon the reading of the petition it is plain that it is brought under this section,

and that the court has no jurisdiction except that given by this statute.

The first question is whether the word "rulings," near the end of the section, means rulings of law, or includes findings and decisions upon questions of fact. In the first place, by its ordinary meaning it is applicable to decisions upon questions of law, and not to findings upon matters of fact; secondly, in the St. 1898, c. 578, § 25, from which this part of the section is taken without other change, the language is "rulings of law." The commissioners appointed to consolidate and arrange the Public Statutes were not authorized to make substantive changes in the statutes, but only to suggest " mistakes, omissions, inconsistencies and imperfections which may appear in the laws," and the manner of correcting, supplying and amending them. Resolves of 1896, c. 87. There is nothing to show that they intended to change the meaning of this statute, and the fair inference is that the words "of law" after "rulings" were omitted as superfluous. That part of R. L. c. 112, § 100, which allows the petition to be brought by a street railway company or by any interested party, as well as by the mayor and aldermen of a city or the selectmen of a town, was inserted by the Legislature in its action upon the report of the commissioners. For changes of the arrangement of parts of Pub. Sts. c. 113, § 63, St. 1891, c. 293, and St. 1898, c. 578, § 25, see R. L. c. 112, §§ 98, 100.

The contention that "rulings" means rulings of law is strengthened by the fact that a great variety of matters affecting street railway companies are left to State boards and commissions, and especially to the board of railroad commissioners. While it is reasonable that rulings of law upon these matters, entered of record under § 98 of this chapter, should be subject to revision by the courts, it would defeat the main purpose of the statute in creating this board, if its decisions in all matters of fact were subject to revision and reversal by a court. We think it plain, therefore, that this section opens to review only rulings of law, and it follows that the Superior Court rightly refused to hear evidence to prove a different case from that which appeared at the hearing when the rulings were made.

The ruling as to the form of the petition originally presented

to the board of aldermen, and the sufficiency of the signature upon it, has not been argued before us, and we treat it as waived.*

The fourth ruling requested of the board of railroad commissioners was that the "extension or alteration of location as granted or made is not consistent with the public interest," and the fifth was that it "creates in said Washington Street a public highway, a public and a private nuisance." Both of these propositions involve questions of fact upon which there was ample evidence to sustain the findings of the board of railroad commissioners. Upon the evidence it could not be ruled. as matter of law that the extension would constitute a nuisance, and while there were conflicting considerations on the question whether it would be consistent with the public interest, the facts presented by the petitioners for the approval of the location tended strongly to support their petition.

The record shows no erroneous rulings of the board of railroad commissioners, and the bill in the Superior Court was rightly dismissed.

*Decree affirmed.*

---

* The petition to the board of aldermen was in behalf of the board of directors of the Newton Street Railway Company and was signed "Board of Directors of the Newton Street Railway Company, By Adam A. Claflin, President." It appeared that the petition was presented by authority of a vote of the board of directors. This is the matter referred to in the rulings numbered 1, 2 and 3 which were refused by the board of railroad commissioners. They ruled that the petition was in proper form.