CITY COUNCIL OF SALEM *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY & another.

Essex.  October 22, 1925. — November 24, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Department of Public Utilities. Equity Pleading and Practice*, Parties, Bill. *Equity Jurisdiction*, Bill to review action by State department or commission. *Words*, "Rulings."

*It seems* that a petition under G. L. c. 161, § 77, to the department of public utilities by a city council for approval of an order revoking a location of tracks granted to a street railway company should have been signed by all of the members of the council and was not properly signed if it bore the signature, "City Council, By its Clerk . . . [and the clerk's signature]."

The department of public utilities in determining, upon a petition presented to it by a city council under G. L. c. 161, § 77, for approval of an order of the council revoking a location of tracks previously granted to a street railway company, whether public necessity and convenience in the use of the way required such revocation, is not governed solely by the necessity and convenience of the people in a neighborhood, or of the people of the municipality where the way is located, but may also consider the necessity and convenience of the general public so far as it may be affected by the proposed action.

The word "rulings" as used in G. L. c. 161, § 142, giving to this court and to the Superior Court jurisdiction in equity "to review, annul, modify, or amend the rulings of any State department or commission relative to street railways as law and justice may require," means rulings of law: in such a suit no allegations presenting issues of fact are proper and no issues of fact found by the department or commissioner are revocable.

A finding of fact by a majority of the members of the department of public utilities upon a petition by a city council under G. L. c. 161, § 77, for approval of an order of the council revoking a previous order granting a location for tracks to a street railway company, that the approval of revocation should be denied "upon general grounds of public necessity and convenience," is not subject to review in a suit in equity in this court under § 142.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on December 6, 1924, and afterwards amended, seeking under G. L. c. 161, § 142, to review action by the department of public utilities dismissing a petition by the same petitioners for approval under § 77 of an order passed by them on July 31, 1924, revoking a track location previously granted to Boston and Northern Street Railway Company on June 15, 1909.

Material allegations of the amended bill are described in the opinion. The defendants demurred. The demurrers were heard by *Braley*, J., who was of opinion and ruled that the demurrer should be sustained and the bill dismissed; but at the request of the plaintiff he reported the case for determination by the full court with a stipulation of the parties that, if the ruling was wrong, the demurrer was to be overruled and an appropriate decree entered for the plaintiff.

*W. A. Pew*, City Solicitor, for the plaintiff.

*James J. Ronan*, (*L. Goldberg*, Assistant Attorney General, with him,) for the defendants.

CROSBY, J. On June 15, 1909, the board of aldermen of the city of Salem, on petition of the Boston and Northern Street Railway Company (the predecessor in title of the Eastern Massachusetts Street Railway Company), adopted an order permitting the company to build a track on Mason Street, a public way in that city. On July 31, 1924, an order was passed by the city council which reads as follows: "That the public necessity and convenience in the use of

Mason Street, a public way in the City of Salem, requires that the location for a track and curve granted to the Boston and Northern Street Railway Company on June 15, 1909 . . . be revoked." Certain reasons for such revocation were set forth in the order. The company not assenting to the order of revocation, under G. L. c. 161, § 77, a petition was filed with the department of public utilities praying that said order be validated and approved by the department after public notice and hearing. The petition was signed by the mayor of the city, the city solicitor, and also by the "CITY COUNCIL, By its Clerk J. Clifford Entwistle." It was not signed by any member of the city council. After a hearing on the petition a majority of the members of the department rendered a decision declining to approve the action of the city council in revoking the location in question, solely on the ground that public necessity and convenience did not require such revocation.

The petition to the department was not properly signed; it was not the petition of the city council. It ought to have been signed by all of the members. However, as this was a defect of form which was waived by the respondent by going to a hearing on the merits, it is not fatal to the contention of the petitioner. *Byfield* v. *Newton*, 247 Mass. 46, 53.

A demurrer to the bill in equity in the case at bar was sustained by a single justice of this court and the case was reported by him to the full court.

The right of the city council to revoke the location of the street railway company is governed by G. L. c. 161, § 77, and such action was authorized if it was found that public necessity and convenience in the use of the public way so required. But the statute expressly provides that "unless, within thirty days after such order of revocation, the company consents thereto in writing, such order shall not be valid until approved by the department after public notice and a hearing." Before the Legislature vested in the department of public utilities the power to approve or disapprove the revocation of a location of a street railway, the action of the local municipal board was final and conclusive. *Medford & Charlestown Railroad* v. *Somerville*, 111 Mass.

232, 235. *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 101. The power to revoke such a location rests upon the ground that public necessity and convenience in the use of the way require it. The action of the city council could not be based upon any other reason. Under existing statutes (G. L. c. 161, § 77) the action of the city council is not final, but rests ultimately with the department of public utilities, whose decision upon questions of fact is conclusive. Whether public necessity and convenience in the use of a public way require that the location shall be revoked presents an issue of fact, in deciding which the department is not governed solely by the necessity and convenience of the people in a neighborhood, or by the people of the municipality where the way is located, but may also consider the necessity and convenience of the general public so far as it may be affected by the proposed action. *Cambridge* v. *Cambridge Railroad*, 10 Allen, 50. *Arlington Board of Survey* v. *Bay State Street Railway*, 224 Mass. 463.

The bill in the case at bar is brought under G. L. c. 161, § 142, which gives to this court and to the Superior Court jurisdiction in equity "to review, annul, modify or amend the rulings of any State department or commission relative to street railways as law and justice may require." The jurisdiction so conferred relates to "rulings," which means "rulings of law."

The question before the department under the statute is legislative and not judicial in character, and the judgment of the department thereon, when exercised in good faith, is not open to review by the court. *Commonwealth* v. *Sisson*, 189 Mass. 247, 252. *Boston* v. *Talbot*, 206 Mass. 82, 89, 90. As a majority of the members of the department have found that the approval of revocation should be denied "upon general grounds of public necessity and convenience," the finding is not open to review in these proceedings. *Paine* v. *Newton Street Railway*, 192 Mass. 90. *Fall River* v. *Public Service Commissioners*, 228 Mass. 575, 580. *Donham* v. *Public Service Commissioners*, 232 Mass. 309, 328.

It is alleged in the bill in the case at bar that the location was granted by the board of aldermen upon the representa-

tion made to it by the street railway company, that the tracks to be laid on the location would be used only for the transportation of coal to a power house station, and that said location was granted solely as an appurtenant to the use of said property as a power house. These allegations are immaterial and irrelevant, as they present questions of fact. The jurisdiction of the court is limited to determining whether the decision of the department contains any erroneous rulings of law. In arriving at the conclusion reached by a majority of the members of the department, it does not appear that any issue of law was involved, or that any ruling was made. Assuming, but without deciding, that the plaintiffs are the parties aggrieved by the decision, there was no error of law. As no erroneous rulings appear, it results that the decision of the single justice that the demurrer should be sustained and that the bill should be dismissed was correct. A decree is to be entered sustaining the demurrer and dismissing the bill with costs.

*Ordered accordingly.*