No. 3039 Northern Suffolk, ss.

WEINER (Nathan Goldstein)

v. F. N. JOSLIN CO., INC.

(William Doyle—B. A. Sugarman)

From the First District Court of Eastern Middlesex—Davis, J. Argued Dec. 15, 1941—Opinion filed Jan. 12, 1942

PETTINGELL, J. (Jones, P. J., and Wilson, J.)—Plaintiff sues in tort for injuries received in a fall on the premises of the defendant, a store-keeper. The plaintiff testified that she entered the store at 12.22 p. m. and saw then that the floor of the foyer of the store was dirty and dusty, noticing there loose paper and apple peel; that shortly after about 12.45 p. m., the plaintiff came out through the same foyer and fell. After her fall, she noticed that the floor was in the same condition as she had first seen it and that she had slipped on a piece of apple peel, brownish, black and dirty.

There was testimony by witnesses called by the defendant, that the premises "were clean at the time of the accident except for the apple peel and a moisture mark about one foot in length leading to the apple peel." There was testimony also that an employee of the defendant swept the premises between 12.45 and 12.55 p. m., in performance of his duty "to make regular inspections and clean premises when necessary."

There was evidence tending to prove the due care of the plaintiff. The report states that it contains all the evidence material "to the report." There was a finding for the defendant.

The plaintiff claims to be aggrieved by the disallowance of eight of its twenty-one requests for rulings of law.

Request 1, is based "upon all the evidence." Although worded somewhat differently from the usual request, it is nevertheless within Rule 27, District Court Rules (1940 Ed.) and specifications are necessary as is there required. Under the rule the plaintiff is not entitled as of right to a review

of such a refusal. *Dellamano* v. *Francis,* 308 Mass. 502. at 503. There was no error in the denial.

Request 2, calls for a finding for the plaintiff as matter of law. Rarely can it be ruled as matter of law that the plaintiff has made out a case on oral testimony. *Winchester* v. *Missin,* 278 Mass. 427. It is rarely that a finding of negligence as a fact can be required as a matter of right. *Castano* v. *Leone,* 278 Mass. 429. Involved, also, are the questions of the credibility of the plaintiff's witnesses. *Receiver* v. *O'Connéll,* 291 Mass. 527.

We are of opinion that there was no such evidence in the case, admitted by the defendant or binding upon it as matter of law, as amounted to proof of liability.

Requests 8, 9 and 13, are clearly directed to ·findings of fact sought by the plaintiff. The trial judge was not obliged to find facts and could not be compelled to make such findings by request directed to that end. *Cameron* v. *Buckley,* 299 Mass. 432, at 434.

Request 7 is in appearance a request to the court to rule that the defendant violated its duty toward the plaintiff and the public by failing to exercise the care required by the cir' cumstances. Stripped of its legal terminology it is a request for the court to find as a fact that the defendant was negilgent. Negligence under these circumstances was a question of fact. *Mahoney* v. *Norcross,* 284 Mass. 153. It is rarely that a find' ing of negligence as a fact can be required as matter of right. *Castano* v. *Leone,* 278 Mass. 429, at 431. The request was properly denied.

Request 10 is a request that the court rule as matter of law that ten minutes was a reasonable time for the defendant to inform himself of the dangerous condition. There are two objections to the request. In the first place it is based upon the premises that the dangerous condition existed for ten minutes. There is nothing in the case which required the trial judge to find as fact that that was the time that the dangerous condition had existed. Requests calling for findings of fact which are not made by the trial judge, or are not necessarily to be inferred from the evidence, as matter of law, are properly refused. *Carnes* v. *Howard,* 180 Mass. 569.

In the next place, what is a reasonable time, when the facts are in dispute is a matter of fact and not a question of law. The plaintiff was not entitled to the ruling requested.

Request 15, is a request for the court to "rule and draw an inference" from the description of the condition of the apple peel on the floor and the surrounding conditions, as to the length of time the condition testified to was in existence. An inference is a fact; *Warner* v. *Fuller,* 245 Mass. 520, and the drawing of inferences is a function of the fact finding tribunal; *Engle* v. *Checker Taxi Co.* 275 Mass. 471. The trial judge could not "rule" that a certain inference was to be

drawn. A "ruling" is a declaration of law. *Paine* v. *Newton St. Ry.* 192 Mass. 90. Whether such an inference of fact ought to be drawn was a matter of fact. There was no error in the denial of the request.

Many times in the review of a case, especially a case in which no facts have been found, no error is to be found in the denial of specific requests for rulings, and yet there is nothing apparent in the record which indicates the reason for the trial judge's decision. In the case at bar, there was conflicting testimony. If there had been a request by the plaintiff to the effect that the evidence was sufficient to warrant a finding for the plaintiff, it would have been error to deny it without qualification or explanation. No such request was filed, the plaintiff chose instead to file requests which largely are matters of fact or are so inartifically drawn that the trial judge was not required to grant them.

The trial judge was not compelled to believe any of the plaintiff's testimony. There are some aspects of the case which indicate that he did not believe parts of it. If he did not believe it, a finding to that affect undoubtedly would have avoided this appeal, for it would have been a sufficient reason for the deni al of the requested rulings upon which the appeal is based. Trial judges have it in their power to limit appeals by judicious findings of fact which clarify the record. Where there is an uncertainty of this kind, there is an incentive for counsel to carry up on appeal cases in which it is not immediately apparent what it was that actuated the trial judge in reaching his decision. In case it is found, many times, an opportunity to prove error is lost because the right kind of requests has not been used. The wise trial judge protects himself and prevents unnecessary appeals by making findings of fact which demonstrate the reason for his decision.

No prejudicial error appearing, the report is to be dismissed.