BYRON B. JONES *vs.* COMMONWEALTH.

Suffolk.    November 2, 1953. — March 2, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Constitutional Law,* Due process of law, Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Continuance. *Error, Writ of. Law or Fact. Words,* "Ruled."

A plea of in nullo est erratum to a petition for a writ of error admits facts well pleaded in the petition.  [170]

A statement in a bill of exceptions containing the evidence heard by a single justice of this court in a proceeding on a writ of error, that "at the conclusion of the above testimony the single justice ruled that there was no error," must be treated as a ruling of law and not as a finding of fact.  [171]

A defendant indicted for serious offences was not afforded due process of law where it appeared that, having had no previous knowledge of the indictment, he was taken to court and was there arraigned, that he told the judge that he was not ready for trial and asked for a continuance in order to get a lawyer to prepare his case or for time to get witnesses and to prepare his case himself, that the judge refused his request, that a jury was quickly selected and found the defendant guilty after a short trial, and that he was sentenced the same day and taken immediately to prison.  [171–172]

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 28, 1952, for a writ of error to reverse sentences imposed on the petitioner in the Superior Court.

Following the issuance of the writ and a return and a plea the case was heard by *Lummus,* J., who ordered the judgments of the Superior Court affirmed.  The petitioner alleged exceptions.

*Wilbur G. Hollingsworth,* for the petitioner.

*Arnold H. Salisbury,* Assistant Attorney General, for the Commonwealth.

QUA, C.J.  This is a petition for writ of error to reverse two sentences against the plaintiff in error, hereinafter called

the petitioner, each imposed by the Superior Court in the county of Middlesex on November 21, 1929, and each upon an indictment for the offence of breaking and entering a dwelling house in the night time with the intent to commit larceny therein. Each sentence was for not less than twelve nor more than twenty years. The second of the two sentences was to take effect from and after the expiration of the first.

The petition is inartificially drawn, but nevertheless sufficiently alleges that the petitioner, while awaiting trial in the county of Essex and having no knowledge of any charges against him in the county of Middlesex, was taken on habeas corpus to the court in Middlesex and was there arraigned; that the judge asked him whether he was ready for trial and he replied that he was not; that he asked for a continuance in order to get a lawyer to prepare his case or for time to get witnesses and to prepare his case himself; that the judge refused all these requests; that a jury was quickly selected and after a trial lasting about thirty minutes found the petitioner guilty; that he was sentenced the same day and taken immediately to prison; that he had no chance to get witnesses or to do anything to help himself; and that because of inexperience he did not know court procedure or how to cross-examine or conduct a trial in any way.

To the petition the Commonwealth pleaded only in nullo est erratum. The effect of this plea was to admit facts well pleaded. *Conto* v. *Silvia,* 170 Mass. 152, 154. *Murphy* v. *Commonwealth,* 172 Mass. 264, 265. *Perkins* v. *Bangs,* 206 Mass. 408, 412–413. *Robinson* v. *Commonwealth,* 242 Mass. 401, 403. *Silverton* v. *Commonwealth,* 314 Mass. 52, 53. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 443. Notwithstanding this it appears from the bill of exceptions now before us that at the hearing before the single justice of this court evidence was received as to what took place in the Superior Court. The petitioner testified substantially as alleged in his petition, except that he testified that his trial and sentence occupied an hour and a half. A witness called by the Commonwealth contradicted the petitioner in a minor

matter and gave some additional details as to what took place at the trial. After setting forth the testimony, the bill of exceptions states, "At the conclusion of the above testimony the Single Justice ruled that there was no error and ordered the judgment affirmed." Giving to the word "ruled" its ordinary legal signification, as we are bound to do, we are compelled to treat this as a ruling of law and not as a finding on the facts. *Paine* v. *Newton Street Railway*, 192 Mass. 90, 93. *City Council of Salem* v. *Eastern Massachusetts Street Railway*, 254 Mass. 42, 45. *Lender* v. *London*, 286 Mass. 45, 46.

It is not altogether clear to us whether the single justice made this ruling with a view to the state of the pleadings by which the Commonwealth had admitted the pertinent allegations of the petition, or whether he intended to disregard the admissions of the plea and to rule that as matter of law the petitioner could not prevail on the evidence. Without implying that the single justice could properly disregard the plea and look only to the evidence (*Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, 112; *Carson* v. *Brady*, 329 Mass. 36, 40), it is enough for the purposes of this case to say that in our opinion the ruling was incorrect whether made upon the plea or upon the evidence. A reasonable opportunity to obtain counsel, if possible, and to prepare a defence is of the very substance of due process of law. *Lindsey* v. *Commonwealth*, *ante*, 1. *Powell* v. *Alabama*, 287 U. S. 45, 68–69. *House* v. *Mayo*, 324 U. S. 42, 45–46. *White* v. *Ragen*, 324 U. S. 760, 763–764. *Hawk* v. *Olson*, 326 U. S. 271. *De Meerleer* v. *Michigan*, 329 U. S. 663. In this case, if the allegations of the petition and the testimony of the petitioner were true he was brought into court and arraigned upon charges of which he had no previous knowledge, and was then immediately forced to trial with no opportunity whatever either to procure counsel or otherwise to prepare a defence. Of course at a hearing on the facts the single justice would not be bound to believe the testimony of the petitioner, even if uncontradicted, and he could have made findings of fact against the petitioner, but he could not

rightly rule, as in substance he did, that there was no error even if the petitioner's facts were true.

Upon the rehearing of the case the single justice may in his discretion, in order properly to present for decision the truth of the facts asserted by the petitioner, allow the Commonwealth to retract its plea of in nullo est erratum and to traverse the facts alleged in the petition. *Goodridge* v. *Ross,* 6 Met. 487, 489–490. *Bodurtha* v. *Goodrich,* 3 Gray, 508, 512. See *Raymond* v. *Butterworth,* 139 Mass. 471, 472; *Bornstein* v. *Justices of the Municipal Court of Roxbury,* 269 Mass. 515; *Blankenburg* v. *Commonwealth,* 272 Mass. 25, 28.

*Exceptions sustained.*