*Western District*

## ANTHONY S. STALTARE, ADMINISTRATOR OF THE ESTATE OF MICHAEL J. STALTARE

### v.

## ROBERT BELLAME (SAVINO J. BASILE, AS HE IS GUARDIAN AD LITEM FOR ROBERT BELLAME)

Argued: Oct. 15, 1968—Decided: Dec. 10, 1968

*Present:* Garvey, P.J., Moore, and Allen, JJ.
Case tried to *Donohue, J.,* in the District Court
 of Western Hampden. No. S. C. 117654, D.C.
 68-R586

*Garvey, P.J.* This motor tort case was transferred to the District Court for trial. G.L. c. 231, § 102C. The plaintiff's intestate was killed in an accident.[1] On Count 1 alleging conscious suffering the judge found for the defendant. On Count 2 alleging that the defendant "was wilfully operating his automobile .... with .... gross carelessness, negligence and unskillfulness" he found for the plaintiff. The word "wilfully" was allowed, to be inserted in the declaration on this count on motion of the plaintiff, filed before, but allowed at the close of the trial. To its allowance the defendant claimed a report.

The defendant claims to be aggrieved (a) by the allowance of the plaintiff's motion to amend his declaration (b) to the finding for the plaintiff after the allowance of his request directed to the issue of the defendant's minority; and (c) by the denial of his request that the plaintiff voluntarily assumed the risk of injury.

---

[1] A summary of part of the report and part of the judge's findings shows that about midnight on February 13, 1966, the defendant operating a motor vehicle in which the plaintiff's intestate was a guest passenger engaged in a "race" with an unknown operator of another motor vehicle. The race started in Springfield and when it reached Grove Street, a public way in Chicopee, a distance of five miles, the defendant's motor vehicle collided "head on" with another motor vehicle proceeding southerly in its proper lane. The judge found the plaintiff's intestate death was "instantaneous" and that the defendant "was wilfully operating his motor vehicle in a gross, careless and unskillful manner." He also found the plaintiff did not assume the risk of injury.

At the close of the evidence on April 1, 1968 counsel for the defendant filed requests for rulings of law the first of which read: *"The plaintiff cannot recover against the defendant in this action for the reason that the defendant is a minor."* He was then 20 years and 7 months old.

The report then states "(A)fter filing of requests for rulings by the defendant's attorney, the attorney for the plaintiff wrote out a motion for the appointment of a guardian ad litem. The Court requested that it be typewritten and stated it would be allowed.....The Court gave direct notice in court on April 1, 1968, to both the counsel for the defendant and for the plaintiff that the motion for the appointment of a guardian ad litem would be allowed as soon as it was typewritten. No further notice was given."[2] The judge's findings and decision were filed May 6, 1968.

On a literal reading of this request the judge was in error in granting it. Minors have long been held liable for their own tortious acts. *Mann* v. *Cook,* 346 Mass. 174, 178. *Dow* v. *Lipsitz,* 283 Mass. 132, 134 and cases cited.

But the judge, in his report, and the parties in their briefs and at the argument, indicate

[2] On the typed motion, filed April 4, 1968, requesting that Savino J. Basile, Esquire be appointed guardian ad litem of the defendant, there appears the following endorsement by the judge: "September 11, 1965. Allowed as of April 3, 1968. See memorandum (Donohue, J.)"

they viewed this request as raising the issue of the validity of any finding made against a minor not represented at the trial by a guardian or guardian ad litem.[3]

Considering the issue as thus presented we felt for reasons set forth below that the judge was in error in granting the request and then finding for the plaintiff.

■ "Nothing is better settled in law than the rule that a person under age, being deemed incompetent to enter into contracts or to manage and control his own affairs, cannot employ an attorney or do any act to represent his interest or defend his rights in legal proceedings." *Farris* v. *Richardson*, 6 Allen (88 Mass.) 118, 119. See also *Lee* v. *Fowler*, 263 Mass. 440, 442.

■ It is also "well established, that a judgment cannot be properly rendered against an infant defendant in a civil suit, unless he has a guardian who may *defend the suit* (emphasis supplied) in his behalf; and if a judgment is so rendered, the infant is entitled to maintain a writ of error to avoid the same." *Johnson* v. *Waterhouse*, 152 Mass. 585, 586. *Conto* v. *Silvia*, 170 Mass. 152, 153.

■ "If there is no guardian of an infant defendant, the plaintiff must bring the matter

---

[3] It seems that the judge in granting the request was of the opinion that his statement to counsel at the conclusion of the trial, of his intention to appoint a guardian ad litem when a motion was typed and filed, cured this defect in the proceedings.

to the attention of the court; see to it that one is appointed. It has been said that the duty of watching over the interests of infants in a litigation devolves in a considerable degree upon the Court. There is an obvious advantage in having the fitness of the person who is to act as guardian determined in the first instance, rather than after the trial is over." *Johnson v. Waterhouse,* 152 Mass. 585, 587.

Commenting on this principle the court in *MacEachern v. S. S. White Dental Manufacturing Co.,* 304 Mass. 419, at 421 said: *"Such a defendant is without capacity to try any issue in the original action."* (emphasis supplied).

█.] The post trial appointment of a guardian ad litem, did not afford the defendant the protection to which the law says he is entitled. The fact he was represented by able trial counsel does not help the plaintiff.

█ For the same reasons it was error to allow the motion to amend the declaration by inserting the word "wilfully" at a time when the defendant was not represented by a guardian or guardian ad litem.

The judge was justified, on the evidence, in finding the plaintiff's intestate did not assume the risk of injury. There was no error in the denial of the request directed to that issue.

In the event of a new trial, which we order, we suggest that the record show the acceptance, in writing, of his appointment by the guardian ad litem, and an appearance on his behalf by his trial counsel.

The finding on Count 2 is to be vacated and a new trial ordered. Also vacated, without prejudice, is the order allowing the plaintiff to amend his declaration.

CHARLES S. COHEN
  of Springfield for the defendant.
THOMAS J. O'CONNOR JR.,
  of Springfield for the plaintiff.