SUPREME JUDICIAL COURT 
 
 REGISTER OF DEEDS FOR NORFOLK COUNTY vs. COUNTY DIRECTOR FOR NORFOLK COUNTY & others[1]

 
 Docket:
 SJC-13669
 
 
 Dates:
 December 2, 2024 – February 14, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Norfolk
 

 
 Keywords:
 Register of Deeds. County, Commissioners. Practice, Civil, Declaratory proceeding, Action in nature of mandamus, Injunctive relief, Summary judgment. Declaratory Relief. Mandamus. Injunction. Statute, Construction. Words, "Opinion."
 
 

       Civil action commenced in the Superior
Court Department on October 21, 2022.
      The case was heard by Michael A.
Cahillane, J., on motions for summary judgment, and a motion for
reconsideration was considered by him.
      The Supreme Judicial Court on its own
initiative transferred the case from the Appeals Court.
      Joshua M.D. Segal (Scott P. Lopez also
present) for the defendants.
      William P. O'Donnell, pro se.
      KAFKER, J. 
The plaintiff register of deeds for Norfolk County (register of deeds)
commenced a lawsuit against the defendant county commissioners for Norfolk
County (county commissioners) seeking declaratory, mandamus, and injunctive
relief in connection with certain funding and personnel matters within the
registry of deeds for Norfolk County (personnel litigation).  More specifically, the plaintiff and the
defendant county commissioners disagreed about hiring a new chief information
officer, and the funding for that position, which resulted in a lawsuit.  While that litigation was pending, the
plaintiff asked the defendant county director for Norfolk County (county
director)[2] to make a series of transfers of funds within a "main
group" of the budget of the registry of deeds for Norfolk County (registry
of deeds) to fund the personnel litigation, pursuant to G. L. c. 35, § 32,
stating that in the plaintiff's "opinion" the transfers were of
"public necessity and a matter of convenience."  The county director did not approve the
requests and instead asked the plaintiff to provide further justification for
his opinion, which the plaintiff did not do. 
The plaintiff then commenced a second lawsuit, against both the
defendant county commissioners and county director, again seeking declaratory,
mandamus, and injunctive relief (transfer request litigation).  The two actions were consolidated, and the plaintiff
moved for summary judgment in the transfer request litigation.  After a hearing, a judge of the Superior
Court allowed the plaintiff's motion for summary judgment on the basis that,
pursuant to G. L. c. 35, § 32, the transfer of such funds within a "main
group" of the registry of deeds's budget "may be made by the
authorized official . . . whenever in his opinion public necessity
and convenience so requires" and the defendants did not have the authority
to deny the requested transfers.  The
defendants timely appealed.  We
affirm.  
      1. 
Facts and procedural history. 
a.  Personnel litigation.  On July 14, 2021, the plaintiff register of
deeds brought suit in the Superior Court against the defendant county
commissioners, seeking a declaratory judgment, mandamus, and injunctive relief requiring
the defendants to approve his request to hire a chief information officer.[3]
      b. 
Budget requests.  On May 11, 2022,
the Norfolk County advisory board adopted Norfolk County's budget for fiscal
year 2023 (FY 2023), which ran from July 1, 2022, to June 30, 2023.  The allocation for the registry of deeds
included six main budget groups.  One
such main group, "Main Group 2 -- Contractual Services," included, inter
alia, the following subclasses: 
"legal fees," "computer hardware," "misc.
contractual services," "misc. prof. & technical services,"
"travel out of state," and "travel in state."  The subclasses "legal fees" and
"computer hardware" were allocated $7,000 and $125,000,
respectively.  
      On July 7, 2022, the plaintiff sent a
supplemental budget request to the defendant county commissioners requesting an
additional $60,000 for legal fees.  On
September 14, 2022, the advisory board on county expenditures approved an
additional $20,000 for legal fees.  The
plaintiff made a second supplemental request on September 22, 2022, for an
additional $75,000 for legal fees to fund the personnel litigation.  
      On the day before the plaintiff made his
second supplemental budget request for additional funds, he made the first of
four contested requests to transfer funds within the Contractual Services main
group.  On September 21, 2022, the first
assistant register of deeds submitted a request on behalf of the plaintiff to
the county director, seeking the transfer of $1,500 each from both Contractual
Services subclasses "travel out of state" and "travel in
state" to a third Contractual Services subclass, "misc. contractual
services."  The request stated that
it was the plaintiff's opinion that the request was "of public necessity
and a matter of convenience."  The
county director did not approve the request. 
On October 11, 2022, the plaintiff sent an additional three requests to
the county director to transfer funds between subclasses within the Contractual
Services main group.  The plaintiff
requested the transfer of $75,000 from the "computer hardware"
subclass to the "legal fees" subclass, $18,000 from the
"computer hardware" subclass to the "misc. contractual
services" subclass, and $32,000 from the "computer hardware"
subclass to the "misc. prof. & technical services" subclass.  These transfer requests represented the
entirety of the funds allocated to the computer hardware subclass for FY
2023.  In each request, the plaintiff
cited to G. L. c. 35, § 32, and stated:  "It is my opinion that this request is
of a public necessity and a matter of convenience."  On October 17, 2022, the county director sent
an e-mail message to the plaintiff to request a justification for the
"public necessity" and "convenience."  The plaintiff did not provide an explanation.
 
      c. 
Transfer request litigation.  On
October 21, 2022, the plaintiff brought a second suit in the Superior Court
against the defendant county commissioners and county director, seeking
declaratory, mandamus, and injunctive relief requiring the defendants to make
the four requested budget transfers.  The
plaintiff sought a preliminary injunction, which a judge of the Superior Court
denied, finding that the plaintiff failed to show a substantial likelihood of
success on the merits.
      The defendants filed a motion to
consolidate the suits, which was allowed. 
The plaintiff moved for judgment on the pleadings and summary judgment
as to the budget transfers, and the defendants cross-moved for summary
judgment.  After a hearing, a different
judge of the Superior Court granted summary judgment in favor of the plaintiff,
concluding that the defendants were obligated to comply with the plaintiff's
budget transfer requests, which satisfied the relevant statutory
requirements.  
      The defendants timely filed a notice of
appeal.  The grant of summary judgment as
to the budget transfers was stayed pending appeal, and the defendants' motion
for reconsideration was denied.  We
transferred this case sua sponte from the Appeals Court.  Proceedings in the personnel litigation are
ongoing in the Superior Court.[4]
      2. 
Discussion.  At issue is whether
the plaintiff was required to provide further justification for "his
opinion" that "public necessity" and "convenience"
necessitated the transfer of appropriated funds between subclasses within a
main group.  In this case, the main group
was "Main Group 2 -- Contractual Services."  The relevant statute directs that transfers
within this main group may be made by the authorized official "whenever in
his opinion public necessity and convenience so requires" (emphasis
added).  G. L. c. 35,
§ 32.  Because the unambiguous
statutory language does not mandate that the authorized official provide
further justification for his opinion, we hold that the defendants'
interference with the requested transfers was unlawful and that the plaintiff
was entitled to summary judgment.
      a. 
Standard of review.  "An
appellate court reviewing a grant of summary judgment examines its allowance de
novo and from the same record as the motion judge."  Meyer v. Veolia Energy N. Am., 482 Mass. 208,
211 (2019).  "Summary judgment is
appropriate where there are no genuine issues of material fact in dispute and
the moving party is entitled to judgment as a matter of law."  Barron Chiropractic & Rehabilitation,
P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 804 (2014).  Questions of statutory interpretation are
"pure question[s] of law," also reviewed de novo (citation omitted).  Plymouth Retirement Bd. v. Contributory
Retirement Appeal Bd., 483 Mass. 600, 603-604 (2019).
      b. 
Analysis.  General Laws c. 35
governs the annual budget process for counties. 
Section 32 addresses, inter alia, transfers of appropriated funds and
provides, in relevant part:
"Transfers
within an appropriation from one main group to another main group may be made
upon written request of the authorized official of the organization unit with
the written approval of the county commissioners, and copies of said request
and approval shall be filed with the county treasurer; provided, however, that
no transfer shall be made from the main groups 'personal services,'
'equipment,' 'structures and improvements' or 'improvements to land' to another
main group nor shall any transfer be made from any other main group into any of
the aforementioned main groups.
"Transfers
within an appropriation between classes and between subclasses within a main
group may be made by the authorized official of the organization unit whenever
in his opinion public necessity and convenience so requires; provided, however,
that no transfer shall be made within the classes of the main groups 'personal
services' or 'equipment.'" 
(Emphases added.) 
G. L.
c. 35, § 32.
      No party disputes that the plaintiff is
the "authorized official of the organization unit," the register of
deeds.  Id.  Nor do the parties dispute that the transfers
here are within a main group –- Contractual Services -- and that this is one of
the main groups in which transfers are allowed.[5]  The statutory language therefore expressly
grants the plaintiff the discretion to transfer funds within the Contractual
Services main group "whenever in his opinion public necessity and
convenience so requires."  Id.  That is precisely what happened here.  More specifically, all four of the
plaintiff's requests involved transfers between subclasses within the same main
group, "Main Group 2 -- Contractual Services," which is not one of
the main groups within which transfers are proscribed by the statute.  See id. 
For each request, the plaintiff stated that "it [was] [his] opinion
that this request [was] of a public necessity and a matter of
convenience."
      The defendants argue nonetheless that when
the need for a transfer is disputed, the plaintiff must provide an acceptable
rationale for his opinion that the transfer is justified by public necessity
and convenience.  We disagree.  The relevant statutory language is clear on
its face and deferential to the authorized official.  It is his "opinion" regarding
public necessity and convenience that controls transfers within classes or
subclasses of a main group.  An
"opinion" involves at least a degree of subjective
decision-making.  See Black's Law
Dictionary 1126 (8th ed. 2004) ("A person's thought, belief, or inference,
esp[ecially] a witness's view about facts in dispute, as opposed to personal
knowledge of the facts themselves" [emphasis added]).  Cf. Scholz v. Delp, 473 Mass. 242, 251
(2015), cert. denied, 578 U.S. 1023 (2016) (treating "subjective
view[s]" as opinions not actionable as defamation).  Although a determination of public necessity
and convenience inevitably presents issues of fact, City Council of Salem v.
Eastern Mass. St. Ry. Co., 254 Mass. 42, 45 (1925), it is the authorized
official's opinion regarding whether the factual circumstances satisfy the
requirements of public necessity and convenience that is called for by the
statute. 
      The statute also expressly distinguishes
these discretionary transfers, which are left to the "opinion" of the
authorized official, from those that are prohibited or subject to further
approvals by the county commissioners. 
Certain transfers are prohibited altogether.[6]  Others are only allowed if approved in
writing by the county commissioners.[7] 
In drawing these distinctions, the Legislature carefully and expressly
defined the respective powers of county government officials over
appropriations.  We therefore reject the
defendants' attempts to blur these distinctions.
      To do otherwise would, as the plaintiff
contends, "effectively, and, of course, inappropriately amend the
statute."  Acme Laundry Co. v.
Secretary of Envtl. Affairs, 410 Mass. 760, 780 (1991).  See Care & Protection of Rashida, 488
Mass. 217, 225 (2021), S.C., 489 Mass. 128 (2022), quoting Care &
Protection of Walt, 478 Mass. 212, 223-224 (2017) (we need look no further
"[w]here the meaning of the statutory language is plain and unambiguous,
and where a literal construction would not 'yield an absurd or unworkable
result'").  It would also invite the
type of in-fighting the Legislature presciently sought to avoid, as
demonstrated by this case.
      Finally, we address the timing
question.  The defendants argue that the
Superior Court judge could not order any outstanding FY 2023 transfers to be
made, because FY 2023 had long since concluded. 
We disagree.  The Superior Court
judge correctly determined that the transfers should have been authorized and
were not.  The order provided:  "to the extent that the [FY 2023]
transfers remain outstanding, the defendants are [ordered] to implement
them."  We interpret the order not
to require that the outstanding amounts be transferred from the 2023 budget,
but that any payments that should have been transferred in 2023 but were not
should be specifically authorized by the defendants.[8]  And the order further provided that, going
forward, "the defendants are hereby ordered to refrain from interfering
with or otherwise hindering the [register of deeds's] lawful transfers within
Group 2."  
      3. 
Conclusion.  We hold that the
plaintiff need not have provided further justification for his opinion that a
transfer between classes or subclasses within the Contractual Services main
group is "of public necessity and a matter of convenience" and that
the refusal by the defendants to allow such transfers was unlawful.  Accordingly, we affirm the grant of summary
judgment in favor of the plaintiff and order that the outstanding amounts that
should have been transferred per the plaintiff's requests be specifically
authorized by the defendants.  
So ordered.

footnotes

[1] County
Commissioners for Norfolk County.

[2] A position
appointed by the defendant county commissioners.

[3] The plaintiff
subsequently amended his complaint to include the defendant county
commissioners' failure to provide the registry of deeds with the funding
mandated by G. L. c. 64D, §§ 11 and 12.  On the first day of each month, l0.625
percent of the taxes collected in the county are transmitted to a "Deeds
Excise Fund."  See G. L. c. 64D, §
11.  "[N]ot less than 40 per cent [of
the Deeds Excise Fund] shall be disbursed and expended for the automation,
modernization and operation of the registries of deeds."  G. L. c. 64D, § 12 (a).

[4] On June 28,
2024, a judge of the Superior Court found largely in favor of the plaintiff on
the parties' cross-motions for summary judgment.  On August 13, 2024, the defendants filed a
motion for reconsideration, which was denied on August 26, 2024.  No notice of appeal was filed.  On December 17, 2024, the plaintiff filed
motions to further amend the complaint and for separate and final judgment,
both of which the defendants opposed.  A
motion hearing was held on January 28, 2025, and the defendant subsequently
filed a notice of intent to file a motion to dismiss on January 30, 2025.

[5] "[N]o
transfer shall be made within the classes of the main groups 'personnel
services' or 'equipment.'" 
G. L. c. 35, § 32.

[6] See, e.g.,
G. L. c. 35, § 32 ("[N]o transfer shall be made from the
main groups 'personal services,' 'equipment,' 'structures and improvements,' or
'improvements to land' to another main group nor shall any transfer be made
from any other main group into any of the aforementioned main groups");
id. ("[N]o transfer shall be made within the classes of the main groups
'personal services' or 'equipment'").

[7]
"Transfers within an appropriation from one main group to another main
group may be made upon written request of the authorized official of the
organization unit with the written approval of the county commissioners
. . . ."  G. L.
c. 35, § 32.

[8] We note that
counsel for the plaintiff in the personnel litigation was allowed to withdraw
because counsel was not paid.